JOSEPH D. FORD *vs*. DIANE BRAMAN & another.[1] No. 89-P-1232. June 18, 1991. *Summary process*, Appeal.

On June 9, 1989, in a summary process action, a District Court judge entered a judgment for possession and for back rent. He also entered judgment for the plaintiff-landlord on the tenants' counterclaim. Following the

---

[1] David Braman.

tenants' notice of appeal, the District Court judge, on June 30, 1989, set bond in the amount of back rent ($1,800), and ordered the tenants to pay the intervening rent of $680 per month. The tenants, on July 3, 1989, sought review in the Superior Court, pursuant to G. L. c. 239, § 5, as amended through St. 1985, c. 754, urging that the order to pay $680 a month be revoked as they no longer were living at the premises. They also requested that the $1,800 bond be paid at the rate of $100 per month, and claimed that the order for a lump sum payment of $1,800 was not reasonable. On July 13, 1989, a judge of the Superior Court allowed the tenants' request as to the monthly payments but left in place the order as to the back rent.

On August 11, 1989, the tenants sought review from a single justice of this court of the order of the Superior Court judge. Noting that the question whether there is a second level of review is a recurrent question, the single justice reported the question to a full panel of this court. We hold there is no such review.

The sixth paragraph of G. L. c. 239, § 5, provides:

> "Any party aggrieved by the denial of a motion to waive the bond . . . may seek review of such decision as hereinafter provided. If such motion was made in the superior court or a housing court, the request for review shall be to the single justice of the appeals court at the next sitting thereof. If such motion was made in any district or municipal court, the request for review shall be to the superior court then sitting in the same county. . . ."

The final paragraph of § 5 describes the consequences of the decision in the following terms:

> "Upon the rendering of a decision on review, the reviewing court shall give notice of the decision to the parties and the defendant shall comply with the requirements of such decision within five days after receiving notice thereof. If the defendant fails to file with the clerk of the court rendering the judgment, the amount of bond, deposit or periodic payment required by the decision of the reviewing court within five days from receipt of notice of said decision, the appeal from the judgment shall be dismissed. Where a defendant seeks review pursuant to this section, no execution shall issue until the expiration of five days from the date defendant has received notice of the decision of the reviewing court."

It is reasonably clear that the section does not envision a second level of review of the appeal bond order. The final paragraph contemplates a speedy procedure — the appeal is to be dismissed unless the order of the reviewing court is complied with within five days. The statute limits the jurisdiction of the single justice to a single situation: namely, where the

"motion [to waive the appeal bond] was made in the superior court or a housing court." Here it was not; it was made in the Orleans District Court.

To allow resort, as the tenants urge, to the single justice under G. L. c. 231, § 118, for a review of the action of the Superior Court judge (who has already reviewed the action of the District Court judge) would undermine the speedy procedure envisioned by G. L. c. 239, § 5.[2] There is no reason, statutory or otherwise, to allow a two-tier review of a bond in cases emanating from the District Court when there is only one review for a bond imposed by the Superior Court.

It follows that a single justice of this court has no statutory authority under § 5 to review a decision of the Superior Court which is, in itself, a review of the District Court order. General Laws c. 231, § 118, does not present a viable alternate route for such review. Any questions concerning the propriety of the bond should be raised, if necessary, on an appeal from a judgment dismissing the underlying appeal. Once having had the avenue of review provided in G. L. c. 239, § 5, the defendants must either file the bond or suffer their underlying appeal to be dismissed. While they may appeal to a panel from that dismissal, they take the risk that, if their claim of error as to the bond is decided adversely to them, they will lose their underlying appeal. Cf. *McMahon* v. *Glixman*, 379 Mass. 60, 64 (1979) (medical malpractice bond).

Accordingly, the tenants are to file the bond set by the Superior Court within twenty days from the issuance of the rescript of this court, and, if they fail to do so, their appeal to the Superior Court shall be dismissed in accordance with G. L. c. 239, § 5.[3]

*So ordered.*

*Robert S. Leo* for the defendants.
*Herbert F. Lach, Jr.*, for the plaintiff.


---

[2]Not only would there be a delay because of an additional review, but a petition to the single justice under G. L. c. 231, § 118, may be filed at any time within thirty days of the entry of the court order sought to be reviewed. Indeed, the tenants here waited from July 13 to August 11, 1989, to file their petition to the single justice.

[3]Although the single justice also reported a second question (whether a bond is required where the tenants have given up possession after establishment of the bond in the District Court), as a matter of discretion, we decline to answer it. The issue was not raised below and was raised for the first time before the single justice. The record before us as to the relevant facts is sparse. Moreover, as we have indicated, there is a means for reviewing issues relating to bonds, and, if the issue should arise in another case, it may be addressed by an appeal from a judgment of dismissal.