JOJHAR TAMBER *vs.* WILLIAM DESROCHERS & another.[1]

No. 96-P-1748.

Middlesex. January 29, 1998. - July 24, 1998.

Present: KASS, SMITH, & FLANNERY, JJ.

*Jurisdiction,* Summary process. *Summary Process,* Appeal. *Landlord and Tenant,* Eviction. *Practice, Civil,* Bond, Frivolous action.

The Appeals Court properly had jurisdiction over an appeal from an order of the Superior Court denying a motion to waive an appeal bond in a summary process action originating in the District Court. [236-237]

The record of proceedings on a motion under G. L. c. 239, § 5, to waive an appeal bond in a summary process action, including the tenants' affidavits and memoranda, did not support the judge's apparent conclusion (i.e., unsupported by written findings and rulings) that the tenants' defenses and counterclaims to their landlord's complaint were frivolous; the motion should have been allowed. [237-239]

SUMMARY PROCESS. Complaint filed in the Somerville Division of the District Court Department on November 6, 1995.

On appeal to the Superior Court Department, a motion to waive an appeal bond was heard by *Catherine A. White,* J., and entry of a dismissal of the appeal was ordered by *Margot Botsford,* J.

*Andrew O'Toole* for the defendants.

*David W. Walsh, III,* for the plaintiff.

KASS, J. In the aftermath of *Ford* v. *Braman,* 30 Mass. App. Ct. 968, 970 (1991), in which we held that the only avenue of review of a decision setting a summary process appeal bond is to a full appellate panel, we consider the scope of that review and what minimal findings or explanations, if any, must be made in the District Court and the Superior Court in support of a determination that the defenses raised by the appealing party are frivolous. The statute that we examine is G. L. c. 239, § 5.

---

[1]Janice Desrochers.

We decide that the record does not support a conclusion that the tenants' appeal was frivolous and reverse portions of the order below. As the tenants have moved out, we do not disturb the judgment of possession because it is moot.

1. *Prior proceedings.* The landlord initiated his summary process action under G. L. c. 239 against the tenants, Janice and William Desrochers, on November 6, 1995. By way of defense and counterclaim, the tenants adduced evidence of multiple violations of the State Sanitary Code (105 Code Mass. Regs. § 410); harassment of and threats against the tenants; and failure by the landlord to pay for heat without obtaining the requisite agreement of the tenant as required by 105 Code Mass. Regs. § 410.190 (1994). Judgment in favor of the landlord for possession, $6,000 in damages; and $148.20 in costs was entered on February 16, 1996, and the tenants timely appealed to the Superior Court, conformably with G. L. c. 239, §§ 3 and 5. They moved that the District Court judge waive the appeal bond provided for in § 5 because they were indigent and because they had substantial, i.e., not frivolous, defenses to eviction. Section 5, as appearing in St. 1985, c. 754, directs that:

> "The court shall waive the requirement of such bond or security if it is satisfied that the person requesting the waiver has any defense which is not frivolous and that he is indigent . . . ."

The District Court judge endorsed the motion "denied" and set the appeal bond at $5,000.

From a denial of a motion to waive an appeal bond, § 5 affords a right of review to the next higher level, i.e., in the case of action by a District Court judge, to a Superior Court judge. Of that right the tenants availed themselves. As to the task of the reviewing court, the statute provides that the court[2] :

> "shall review the findings, the amount of bond or deposit, if any, and the amount of periodic payment required, if any, *as if it were initially deciding the matter,* and said court may withdraw or amend any finding or reduce or

[2]Had the motion to waive bond been made in the first instance in the Housing Court or the Superior Court, the path of review would have been to a single justice of the Appeals Court.

rescind any amount of bond, deposit or periodic payment when in its judgment the facts so warrant." (Emphasis supplied.)

G. L. c. 239, § 5, as appearing in St. 1982, c. 304, § 3. A judge of the Superior Court, after hearing argument, denied the motion, also without comment or explanation. An order was entered in the Superior Court that the tenants' appeal would be dismissed if they failed to post the requisite $5,000 bond. They failed to do so and, by operation of the eighth paragraph of § 5, their appeal was dismissed.

2. *Jurisdiction to entertain an appeal.* The landlord argues that an appeal does not lie from the denial of a motion to waive an appeal bond and that entertaining such an appeal defeats the aim of summary process procedure to secure the "just, speedy, and inexpensive determination" of every summary process action. *Hodge* v. *Klug,* 33 Mass. App. Ct. 746, 747 (1992). *Ford* v. *Braman,* 30 Mass. App. Ct. at 970, however, holds to the contrary. That decision eliminates the possibility of potentially dilatory interim supplications to a single justice but preserves for civil litigants in the area of landlord and tenant disputes the important right of access to appellate review. See G. L. c. 231, § 113. See *Sommer* v. *Monga,* 35 Mass. App. Ct. 761, 763 (1994). Courts are not intended to be rubber stamps in eviction proceedings. *Kargman* v. *Dustin,* 5 Mass. App. Ct. 101, 106 (1977). If we decide the tenants' claim of error as to the bond adversely to them, their case is at an end; i.e., they cannot then file an appeal bond. *Ford* v. *Braman,* 30 Mass. App. Ct. at 970. Perhaps in some cases — this could be one — the provisions of G. L. c. 186 and c. 239 are used opportunistically and are burdensome to small landlords. It is not for courts, however, to nullify acts of the Legislature.

In this case, the order dismissing the appeal was entered in the Superior Court and, from a final order of that court, an appeal lodges properly with us. What will more ordinarily occur, following a refusal by a Superior Court judge to waive an appeal bond, is the entry of a judgment of dismissal in the District Court. Even then, the effective final order will have been that of the Superior Court judge. The entry of judgment of dismissal in District Court is a ministerial consequence of what has occurred in Superior Court. Any suggestion that we lack jurisdiction when judgment enters in the District Court fails to grasp that it

is the Superior Court order of refusal to waive the appeal bond
that is the dispositive one. See generally *Borman* v. *Borman*,
378 Mass. 775, 779-781 (1979), and *Breault* v. *Chairman of the
Bd. of Fire Commrs. of Springfield*, 401 Mass. 26, 30-31 (1987),
as to orders which have the effect of a final judgment for
purposes of review. Chapter 239, § 5, by providing for appeals
to the Superior Court, takes summary process cases away from
the Appellate Division of the District Court, the usual first
destination of appeals from civil judgments in the District Court.

3. *The bond determination.* General Laws c. 239, § 5,
mandates waiver of an appeal bond unless the judge determines
that the appealing party is either not indigent or does not have
any defense that is not frivolous. The Superior Court judge ac-
cepted the tenants' affidavit of indigence and waived fees
normally incident to bringing their appeal. Indigence is,
therefore, not in contention, and a conclusion that the tenants'
defenses and counterclaims were frivolous must have been the
basis for the denial in Superior Court of the bond waiver mo-
tion.

Defenses are frivolous if there is no reasonable expectation
of proving the defenses alleged. Cf. *Allen* v. *Batchelder*, 17
Mass. App. Ct. 453, 458 (1984); *Hodge* v. *Klug*, 33 Mass. App.
Ct. 746, 758 (1992). The idea of frivolousness is something
beyond simply lacking merit; it imports futility, not "a prayer
of a chance," *Pires* v. *Commonwealth*, 373 Mass. 829, 838
(1977), or — as another formulation of the same idea — an
egregious lack of merit. *Plymouth & Brockton St. Ry. Co.* v.
*Leyland*, 422 Mass. 526, 531-532 (1996). We examine the ten-
ants' defenses and counterclaims on that basis.

Through their own testimony and the report and testimony of
a private housing inspector, the tenants presented evidence of
violations of the State Sanitary Code that included cockroach
infestation; absence of lighting in the back stairwell; nonfunc-
tioning smoke detectors; inadequate locks at the back door; lack
of handrail on the back stairs; loose boards on back stairs; no
light on basement stair; cracked and peeling ceilings; lack of
nonabsorbent and cleanable kitchen floor; loose faucet on
kitchen sink; defective bathroom sink; large holes in interior
walls causing structural weakness; missing door handles; and
holes in window screens. There was evidence that the landlord
had threatened to cut off the tenants' water supply; that he had
threatened reprisal for the exercise by the tenants of their legal

rights; and that landlord had imposed the burden of paying for heat on the tenants without a written agreement so providing, in violation of 105 Code Mass. Regs. §§ 410.190 and 410.201 (1994). See *Young* v. *Patukonis,* 24 Mass. App. Ct. 907, 908 (1987).

The conclusion that the landlord was entitled to possession and that the tenants owed back rent imported findings of the subsidiary facts which supported that conclusion. *Reynolds* v. *Owen,* 328 Mass. 451, 451-452 (1952). *DiLuzio* v. *United Elec., Radio & Mach. Wkrs. of America, Local 274,* 391 Mass. 211, 217 (1984). The crux of those findings would be that none of the specified code violations existed — one would be enough under G. L. c. 239, § 8A, to raise a defense against eviction — that there was no reprisal and that there was a written agreement about payment. The District Court judge was not required to make detailed findings of fact as to his decision in the underlying eviction case. Mass.R.Civ.P. 52(c), 423 Mass. 1408 (1996). In connection with the motion for an appeal bond, the standards of explanation or comment that we apply below to similar action of a Superior Court judge would apply as well to a District Court judge.

In connection with the request in the Superior Court for review of the denial of the motion to waive an appeal bond, the tenants submitted affidavits and memoranda that stated in considerable detail what was wrong with the premises and that elaborated on their ancillary complaints. That conformed with the provision in G. L. c. 239, § 5, that the review proceedings in the Superior Court "shall be heard upon statements of counsel, memoranda and affidavits submitted by the parties." The record before us does not reflect any reciprocal submission by the landlord. One supposes there was a statement of counsel, but that was not brought before us. The evidentiary material that came before the Superior Court judge, who was obliged to consider the frivolousness issue as if initially deciding the matter, was weighted entirely in favor of the tenants. Of course, the Superior Court judge was not obliged to credit any of it. See *Hawthorne's, Inc.* v. *Warrenton Realty, Inc.,* 414 Mass. 200, 201 (1993). But that not one of the facts put forward with considerable specificity on behalf of the tenants existed, that their evidence was so flawed that they had not a prayer of a chance, is implausible. Cf. *Springgate* v. *School Comm. of Mattapoisett,* 11 Mass. App. Ct. 304, 311 (1981). One may speculate

that the judge found each of the violations so trivial as not to add up to a violation of the Sanitary ·Code except in a hyper-technical sense and that the tenants had been the main cause of disrepair in their apartment. Among possible grounds for a conclusion of frivolousness are that the defenses are unsupported by any evidence, *Farley* v. *Sprague,* 374 Mass. 419, 425 (1978); that the defenses are incurably blemished by misrepresentation, distortion, or improper argument, see *Avery* v. *Steele,* 414 Mass. 450, 456 (1993); or that the defenses are so lacking in substance as to suggest an intent to harass, see *Hahn* v. *Planning Bd. of Stoughton,* 403 Mass. 332, 336-337 (1988). There is nothing in the record to support any of these hypotheses. When confronted with a record of the kind we have described in this case, a Superior Court judge who determines that bond waiver should nevertheless be denied must write some words of explanation as to why the seeming substantial defenses are only apparently so and are, in fact, frivolous.

The order of the Superior Court judge dismissing the tenants' appeal is reversed.[3] The order of the Superior Court denying the tenants' motion for waiver of an appeal bond is reversed. A new order shall be entered allowing the motion for waiver of an appeal bond. Thereafter, the claims for damages asserted by the tenants in their answer and counterclaims may be tried as provided in G. L. c. 239, §§ 3 & 5, and G. L. c. 231, § 97. As noted earlier in this opinion, the question of the tenants' right to possession is moot.

*So ordered.*

---

[3]A Superior Court judge had entered such an order at the request of the defendants because no order of dismissal had been docketed in the District Court.