HOME SAVINGS BANK OF AMERICA, FSB *vs.* JANICE CAMILLO. No. 96-P-1798. July 24, 1998. *Jurisdiction,* Summary process. *Summary Process,* Appeal. *Practice; Civil,* Bond, Frivolous action.

As in *Tamber* v. *Desrochers, ante* 234 (1998), an occupant of property sought review in Superior Court of a denial by a District Court judge of the oc-

---

cupant's motion to waive an appeal bond pursuant to G. L. c. 239, § 5. There are similar competing positions: the occupant claims she was entitled to a waiver of an appeal bond and that a determination that her defense was frivolous was incorrect; the landowner contends that the denial in Superior Court of a motion to waive an appeal bond was unappealable. The appeal of the occupant has been dismissed. We reverse that judgment.

1. *Facts.* Janice Camillo and her then husband, John M. Camillo, in 1987 mortgaged their house at 279 Eliot Street, Milton, to Dime Savings Bank of New York, FSB. Home Savings Bank of America, FSB (the bank), acquired the mortgage (and the note it secured) from Dime Savings on March 22, 1988. In July, 1992, the bank initiated mortgage foreclosure proceedings that culminated in a foreclosure sale on December 1, 1993. By then, Janice Camillo was the sole occupant of the house. She refused to leave the property, and the bank instituted a summary process action in the District Court to evict her. That proceeding resulted in a judgment of possession for the bank entered on January 26, 1996. Camillo claimed an appeal to Superior Court, as permitted by G. L. c. 239, §§ 3 & 5, and moved, in the District Court, for waiver of an appeal bond. See *Tamber* v. *Desrochers*, *supra* at 235. The District Court judge denied the motion to waive the appeal bond and set the appeal bond at $5,100. Camillo asked for de novo review of that order in Superior Court (see, again, *Tamber* v. *Desrochers*, *supra*) and a judge of that court denied the request with the notation that, "It is evident that defendant's position has no merit." When Camillo did not post an appeal bond, her appeal was dismissed by an order of the District Court entered on August 29, 1996.

2. *Jurisdiction.* The bank's challenge to the jurisdiction of this court to entertain an appeal from the denial in the Superior Court of Camillo's motion to be relieved of the obligation to file an appeal bond — and the subsequent dismissal in the District Court of Camillo's appeal — is governed by *Ford* v. *Braman*, 30 Mass. App. Ct. 968, 970 (1991), and *Tamber* v. *Desrochers*, *supra*. Camillo is entitled to appeal to a full panel the correctness of the Superior Court order. *Ibid.* Section 6 of c. 239 spells out what damages a bond shall protect in the case of a summary process action arising out of mortgage foreclosure. It does not cause the procedures of § 5 to be inapplicable in such cases.

3. *Whether Camillo has a defense that is not frivolous.* Camillo's indigence for purposes of G. L. c. 239, § 5, is not in question, and the sole question before the Superior Court judge on review of the District Court order declining to waive an appeal bond was whether Camillo had raised a defense that was not frivolous. *Tamber* v. *Desrochers*, *supra* at 237. As explicated in that opinion, the determination that a defense is frivolous requires more than the judge's conclusion that the defense is not a winner and that the party claiming it is wrong as matter of law. Frivolousness imports futility — not a "prayer of a chance." *Pires* v. *Commonwealth*, 373 Mass. 829, 838 (1977). *Tamber* v. *Desrochers*, *supra*.

. Camillo's defense is that the foreclosure was void because it proceeded by a power of sale that was not authorized under the terms of the mortgage and a rider added to it by the bank. Paragraph 19 of Camillo's mortgage, as well as the habendum clause, provided that the mortgage could be foreclosed by power of sale. Paragraph 31 of the rider, however, supersedes paragraph 19 of the mortgage and provides that, if the borrower defaults, the bank:

"may bring a lawsuit to take away all of [borrower's] remaining rights in the Property and to have the Property foreclosed either by action of strict foreclosure or a foreclosure by sale."

A subsequent sentence in the same paragraph begins: "[i]f an action is commenced to foreclose this Mortgage and there is a foreclosure by sale . . . ." Camillo urges that this language constitutes an agreement that any foreclosure by sale must be in conjunction with a lawsuit and does not permit a freestanding exercise of the statutory power of sale. The bank responds that the use of the verb "may" demonstrates that the initiation of legal action is but one of several permissible means to foreclose the mortgage.

Courts that have interpreted the provision have come alternately to the position argued by Camillo and that urged by the bank. The United States Bankruptcy Court (In re Burley, U.S. Dist. Ct. No. 93-14929 [Bankr. July 21, 1993]) and the Northeast Housing Court (Dime Sav. Bank of N.Y. vs. Hebert, Housing Ct. No. 93-SP-01360 [March 28, 1994]) have adopted the position that the language in question precludes foreclosure by power of sale; the Land Court has decided that "foreclosure by judicial proceeding" includes a foreclosure by power of sale (The Massachusetts Co. vs. Midura, Land Court No. 214697 [July 11, 1995]). That trial courts have come to different conclusions about the meaning of the language — we have been directed to no appellate cases — means that Camillo's position is not a frivolous one. It may turn out to be wrong in the end but, at the moment, she has creditable judicial allies. The issue of law involved has not yet been settled and Camillo's defense is not beyond a prayer of a chance.

The bank, however, has an additonal argument which it says reduces Camillo's defense to futility. Paragraph 43 of the rider, which includes the language that throws in question the bank's rights of conventional foreclosure by power of sale, allows the mortgagee, i.e., the bank, to terminate the rider. The bank terminated the rider simultaneously with giving notice to Camillo that it was beginning proceedings to foreclose her mortgage by power of sale. There is a fair litigable question whether the bank, having presented a mortgagor with a contract of adhesion, can unilaterally change the procedure under which it has contracted for exercising its rights as a secured party. See, e.g., I Farnsworth, Contracts §§ 2.13-2.14 (1990); 2 Corbin, Contracts §§ 6.9, 6.10, 6.12 (Perillo & Bender rev. ed. 1995). Once again, Camillo may turn out not to be right in the end, but her position is not at all futile. As Camillo has a defense to the correctness of the foreclosure that is not frivolous, she is entitled to waiver of an appeal bond under G. L. c. 239, § 5.

The order denying the motion to waive the appeal bond is reversed, and that motion is allowed. The dismissal of Camillo's appeal is vacated. The appeal in the Superior Court is reinstated for a trial on the merits following procedures set forth in G. L. c. 239, §§ 3 & 5, and G. L. c. 231, § 97. Camillo has vacated the premises, and a third party has purchased them from the bank. Camillo no longer claims a right of possession; the issues to be tried relate only to damages.

*So ordered.*

*Michael J. Conley* for the defendant.
*William S. Eggeling* for the plaintiff.