Coven, J.
Three appeals in twelve separate actions filed in the Malden and Salem Divisions of the District Court Departments have, by agreement of the parties, been consolidated for review by this Division.[1] Plaintiffs Associated Chiropractic Service, Inc. and Pain & Injury Rehab, Inc. commenced these actions against Travelers Insurance Co. and four other automobile insurers to recover Personal Injury Protection payments for chiropractic services provided to individuals insured by the named defendants.
Each of the twelve actions was filed as a small claims case and transferred to the civil docket. The defendants filed Mass. R. Civ. R, Rule 56 motions on the grounds that the plaintiffs were precluded from recovery by a final judgment of the Middle-sex Superior Court in Commonwealth v. Paul Jondle, Managed Medical, Inc. and Associated Chiropractic Services, Inc., Civil Action No. 96-3741. That action was brought by the Attorney General against Paul Jondle (“Jondle”), who is not a licensed chiropractor, for his alleged practice of chiropracty, individually and through a number of corporate affiliates. A detailed Agreement for Final Judgment filed by the parties was adopted by Superior Court Justice Robert H. Bohn, and entered as the judgment in that case. The Superior Court final judgment (“Judgment”) provided, in relevant part:
No Jondle Affiliate shall in any wav willfully charge, bill or otherwise claim against any person or entity except on a form which shall specifically identify by name a duly licensed chiropractor or medical doctor who has determined the medical necessity for the service provided and the accuracy and reasonableness of the charge, bill or claim therefor or is the personal supervisor of the duly licensed chiroprac *168 tor or medical doctor who has made said determination [emphasis supplied].
Paragraph 6 of the final Judgment defined “Jondle Affiliate” as:
(a) all three Defendants (Paul Jondle, Managed Medical, Inc., Associated Chiropractic Services, Inc.); (b) all present or future affiliates, successors and assigns of the three Defendants; (c) all entities in which any of the foregoing have or may come to have any direct or indirect ownership or financial interest; and (d) all entities in which any of the foregoing have or may come to have any operational, supervisory, control or guidance role [emphasis supplied].
In support of their summary judgment motion, the defendants argued: (1) that both plaintiffs herein were bound by the Judgment, as Associated Chiropractic Service, Inc. (“Associated”) was a named defendant in the Superior Court action, and plaintiff Pain & Injury Rehab, Inc. (“PIR”) was a corporate affiliate of Jon-dle’s in which he had an operational role;[2] (2) that, in commencing these small claims actions, the plaintiffs violated the Jondle Judgment by failing to “specifically identify by name a duly licensed chiropractor or medical doctor who ha[d] determined the medical necessity ... and the reasonableness of the charge” for the services for which the plaintiffs sought PIP payments. Summary judgment in favor of the defendants was allowed in all twelve cases. In addition, summary judgment was allowed on the defendants’ G.L.c. 93A, §11 counterclaims in the Salem actions.[3]
1. It is axiomatic that summary judgment is appropriate where the moving party-demonstrates that there is no genuine issue of material fact requiring a trial on the merits, and that he is entitled to a judgment in his favor as a matter of law. Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 127 (1997); Zavras v. Capeway Rovers Motorcycle Club, 44 Mass. App. Ct. 17, 21 (1997). A review of the record herein indicates that the defendants clearly satisfied their Rule 56 burden, and that summary judgment was properly entered on the plaintiffs’ complaints in all twelve actions.
It is undisputed that the plaintiffs failed to comply with that portion of the Judgment requiring the specific identification of a licensed chiropractor or medical doctor who determined the medical necessity of the services for which *169 the plaintiffs seek payment.[4] Their only apparent opposition to the defendants’ summary judgment motion is the almost frivolous argument that they were not required to comply with the Judgment because the term “claim” as used in the Judgment did not encompass a small claims action, and that the Judgment language “in any way ... otherwise claim against” did not include the filing of a small claims action.
Pursuant to Mass. R. Civ. P., Rule 2, a “claim” includes any cause of action for which money damages are sought. See generally, as to “claim,” Reynolds Bros., Inc. v. Texaco, Inc., 420 Mass. 115, 118-119 (1995); Morganelli v. Building Inspec. of Canton, 7 Mass. App. Ct. 475, 480 (1979); Shapiro v. McCarthy, 275 Mass. 425, 430 (1932). See also Black’s Law Dictionary (Sixth Edition) at 247. The small claims actions by the defendants herein were commenced by the filing of a “Notice of Small Claims.” Uniform Small Claims Rule 2. As a “claim” is ordinarily and properly construed as synonymous with a cause of action, the filing or assertion of such cause of action is tantamount to a “claim against” or “in any way” bringing a “claim against” a defendant.
The plaintiffs argue[5] that it was not the intent of the parties in drafting the agreement for judgment upon which the Superior Court Judgment was based to include the filing of a small claims action within the prohibitions and restrictions of that Judgment. The Judgment is, however, clear and unambiguous, and extrinsic evidence regarding its meaning or the unexpressed intent of one of the parties was irrelevant. Massachusetts Municipal Wholesale Elec. Co. v. Danvers, 411 Mass. 39, 48 (1991). The Judgment was written so as to apply to claims for payment for services and treatment provided by the plaintiffs. The rights and obligations of the parties subject to that Judgment can only be determined from the language of the Judgment itself, Herson v. New Boston Garden Corp., 40 Mass. App. Ct. 779, 791 (1996), the construction of which presented a pure question of law for the trial courts. Based on the clear language of the Judgment, there was no error in the Rule 56 determinations of the motion judges in these cases that the plaintiffs failed to comply with the applicable requirements of the Judgment in filing the small claims actions in question.
2. There was also no error in the allowance of the defendants’ summary judgment motions on their G.L.c. 93A, §11 counterclaims in the Salem cases. The court's Rule 56 order constituted a ruling that the plaintiffs’ simple filing of the small claims actions in violation of the specific terms of the Judgment, which had been negotiated and drafted by the plaintiffs themselves, constituted an unfair and deceptive act. That determination was a question of law for the motion judge on the uncontroverted facts before the court in these cases. See Noyes v. Quincy Mut. *170 Fire Ins. Co., 7 Mass. App. Ct. 723, 725 (1979).
The plaintiffs argue that they relied in good faith on the advice of legal counsel that the filing of the small claims actions did not violate the Judgment, and that the court’s summary judgment on the defendants’ G.Lc. 93A counterclaims was thus error in the absence of findings that the plaintiffs knowingly and willfully committed unfair and deceptive acts. Even accepting as true the plaintiffs’ remarkable assertion that they did not understand the Judgment which they had negotiated and drafted, the question of whether they acted knowingly and willfully would have been relevant only if the court had awarded multiple or punitive damages. The court instead allowed only actual damages of $25.00 and reasonable attorney’s fees. The existence of some factual dispute in a case does not necessarily defeat summary judgment. Allstate Ins. Co. v. Reynolds, 43 Mass. App. Ct. 927, 928 (1977). “[T]he existence of disputed facts is consequential only if those facts have a material bearing on the disposition of the case.” Id.; Hogan v. Riemer, 35 Mass. App. Ct. 360, 364 (1993).
Nor was summary judgment precluded because the defendants did not file affidavits in support of their Rule 56 motions. They instead filed verified complaints for contempt which sufficiently set forth those facts necessary for the court’s determination of whether the plaintiffs conduct constituted an unfair and deceptive practice. Godbout v. Cousens, 396 Mass. 254, 262 (1985); Pupecki v. James Madison Corp., 376 Mass. 212, 217 (1978).
Appeal dismissed.
So ordered.

 Appellate Division No. 9493 is the consolidation of appeals in six Malden cases filed by Pain & Injury Rehab., Inc. against Metropolitan Prop. & Cas. Ins. Co. (#9750-CV-0912), Premier Ins. Co. (##9750-CV-0911, 1385), Trust Ins. Co. (##9750-CV-1061, 1383) and Commerce Insurance Co. (#9750-CV-1384).
Appellate Division No. 9497 is the plaintiff's appeal in Pain & Injury Rehab., PC v. Premier Ins. Co., Salem #9736-CV-0334.
Appellate Division No. 9498 is the plaintiffs consolidated appeal of five actions brought in the Salem Division by Associated Chiropractic Service, Inc. against The Travelers Ins. Co. (##9736-CV-1067-1071).

 The plaintiffs’ brief does little more than simply list the question of whether PIR is a Jondle Affiliate bound by the Judgment as a genuine issue of material fact. No argument is provided. See Dist./Mun. Cts. R.A.D. A., Rule 16(a) (4). It may be noted that the defendants’ verified complaints for civil contempt and other documentary evidence indicated that Jondle is the corporate clerk and resident agent of PIR, attends corporate meetings, and owned (and later transferred to a family trust) the building in Malden in which PIR conducts its corporate business. The plaintiffs failed to advance any specific facts indicating that there remained a genuine question as to PIR’s status as a Jondle Affiliate so as to defeat summary judgment. See, as to opposing party’s Rule 56 burden, Doe v. Liberty Mut. Ins. Co., 423 Mass. 366, 368 (1996); HRPT Advisors, Inc. v. MacDonald, Levine, Jenkins & Co., 43 Mass. App. Ct. 613, 621-622 (1997).

 The motion judge in the Salem cases awarded $25.00 in damages plus attorney’s fees for the plaintiffs’ unfair and deceptive practices. In the Malden actions, the motion judge entered summary judgment for the defendants on the plaintiffs’ complaints, and then declined to permit the defendants to amend their answers to' add G.L.c. 93A counterclaims.

 In an attempt to comply belatedly with the Judgment, the plaintiffs sought to amend their complaints to list two individual practitioners. It is unclear, and the defendants dispute, that those motions to amend were ever properly presented to the trial court. In any event, their denial was well within the discretion of the motion judge. Walsh v. Chestnut Hill Bank & Tr. Co., 414 Mass. 283, 287 n. 5 (1993); Goulet v. Witin Mach. Works, Inc., 399 Mass. 547, 549-550 (1987); DiVenuti v. Reardon, 37 Mass. App. Ct. 73, 77-78 (1994).
The plaintiffs also argue, apparently for the first time on this appeal, that the Judgment in question was superseded by a subsequent-Suffolk Superior Court Judgment. The subsequent judgment was entered in October, 1997, well after the commencement of all the actions at issue on this appeal. More significantly, the later judgment was never before the trial courts in these actions, and will not be considered on this appeal.

 The plaintiffs filed affidavits by Jondle and by one of the plaintiff’s attorneys who assisted in the drafting of the agreement for judgment.