Merrick, P.J.
This is a summary process action brought by plaintiff Longfellow Glen Associates (“the Landlord”) against defendant Dawn Brown (“the Tenant”) following the termination of the tenancy by a fourteen day notice to quit pursuant to G.L.c. 186, §12. The case was settled by an Agreement for Judgment, executed by the parties on April 9,1999. Under the terms of the parties’ Agreement, an execution for possession was to issue “forthwith and without delay.” The Agreement provided a schedule for the Tenant to make payments for both current rent and rent in arrears, and then stated:
5. If the Defendant complies with the above terms, the Plaintiff will dismiss this action.
6. In the event the Defendant fails to comply with the terms of this Agreement, Plaintiff shall be entitled to levy on the execution. This will result in the Defendant’s loss of housing. As long as the Defendant complies with the terms of this Agreement, plaintiff agrees to hold the execution and not levy on same.
7. Defendant waives all further motions, including motions to stay execution, and all appeals.
On May 10, 1999, the Landlord notified the Tenant in writing that she was in arrears on her rent payments under the schedule. On May 19,1999, the Landlord served the Tenant with 48 hours’ notice, pursuant to G.L.c. 239, §3, that the execution would be levied upon on May 21, 1999 at 2:00 P.M. The Tenant sought no emergency relief from the court during this time. Rather, the Tenant moved herself out of the apartment, although the record is unclear as to whether she did so before the levy and in anticipation of it, or at the time of the levy.
*291 Thereafter, the Tenant, represented for the first time by counsel, filed a Motion to Recall the Execution for Possession. At the hearing, the court found that the Tenant had been in arrears on her scheduled payments and denied the Tenant’s motion. The Tenant has appealed that decision pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8A.
“[S]ummary process is a purely statutory procedure.” Nalbandian v. Patrizzi, 369 Mass. 477, 480 (1976). See also Cummings v. Wajda, 325 Mass. 242, 243 (1950); Davis Investment Corp. v. Thayer Assoc., Inc., 1999 Mass. App. Div. 202, 203. The only statutory provision for the recall of a summary process execution for possession is G.L.C. 239, §3, which provides for “motions to supersede or recall the execution” only where “the underlying money judgment has been fully satisfied and use and occupancy fully paid,” matters not found by the motion judge in this case.
The Tenant argues that, notwithstanding the terms of the Agreement for Judgment, the Landlord had no right to levy upon the execution without a further court order. The Tenant relies upon G.L.c. 239, §10, which states in its second paragraph:
In any action to recover possession of premises occupied for dwelling purposes brought pursuant to this chapter in which a stay or stays of execution have been granted, by the court or by agreement of the parties, or in any such action where there is an agreement for judgment that grants the tenant a right to reinstate the tenancy, no execution shall issue prior to the expiration of the period of such stay or stays or such reinstatement period unless the plaintiff shall first bring a motion for the issuance of the execution and the court after a hearing shall determine that the tenant or occupant is in substantial violation of a material term or condition of the stay or a material term of the agreement for judgment.
The execution here had not been stayed, but was issued pursuant to the parties’ Agreement. However, we need not reach the question of whether the Agreement for Judgment in this case is one governed by the statutory scheme as "an agreement for judgment that grants the tenant a right to reinstate the tenancy.”[2] As the Tenant has vacated the premises, albeit under threat of imminent eviction, the issue of possession of the premises is moot. Tamber v. Desrochers, 45 Mass. App. Ct. 234, 235 (1998); Home Sav. Bank of America, FSB v. Camillo, 45 Mass. App. Ct. 910, 912 (1998); Brown v. Sewell, 14 Mass. App. Ct. 970 (1982).
Judgment affirmed. Appeal dismissed.
So ordered.

 Arguably, G.L.C. 239, §10 has no application where, as here, an execution had already properly issued pursuant to an agreement of the parties.