Welsh, J.
The defendant appeals the denial of his motion to waive appeal bond in a summary process action entered in the Stoughton Division.
This case was tried pursuant to St. 1996, c. 358, “An Act Establishing A One Trial System in Norfolk & Middlesex Counties.” While the new one trial system *162 prevailing in Norfolk and Middlesex counties does not specifically provide for a bond (or deposit in lieu of bond) to secure a judgment for back rent or other damages for rent which might accrue during the appeal process, it would be anomalous to construe the statute so as to eliminate a well-established protection for landlords in counties subject to the one trial system and at the same time retaining the requirement in other counties in which the procedural protections of G.L.c. 239, §5 apply. Such a result could not have been intended by the legislature respecting the one trial system for summary process cases. ‘To reach a different conclusion would be to accord tenants squatters’ rights pending resolution of their appeal.” Residence Inn By Marriott, Inc. v. Flavel, 1998 Mass. App. Div. 170, 171, quoting Kargman v.Dustin, 5 Mass. App. Ct. 101, 111 (1977). Generally, courts are loath to find that a prior statute has been repealed by implication in the absence of express words to that effect or of clear implication. Commonwealth v. Katsirubis, 45 Mass. App. Ct. 132, 135 (1998).
While arguably jurisdiction exists for an evidentiary hearing by the Appellate Division, we are of the opinion that a review based upon the record of the trial court’s denial of the bond is the customary and usual practice for making such determinations, limited to the issues of indigency and frivolousness as provided in G.L.c. 239, §5.
The record on appeal affords scant support for the appellant’s contention of indigency and non-frivolousness defense. Compare Tamber v. Desrochers, 45 Mass. App. Ct. 234 (1998). We can perceive no error of law nor abuse of discretion in the setting of the appeal bond.
The appeal is dismissed.
So ordered.