Welsh, J.
This is a Summary Process action to recover possession of a residential apartment The tenant filed an answer, pro se, and counterclaimed for alleged retaliatory eviction and failure to comply with the security deposit statute.
After an evidentiary hearing the court found for the plaintiff on the issue of possession and dismissed the counterclaim on the merits. The defendant appeals the judgment and the court’s actions upon certain post-trial motions. We determine that there was no prejudicial error and order the appeal dismissed.
On or about November 4,1998, the parties (hereinafter referred to as “landlord” and “tenant”) entered into a written lease for a term of one year for apartment 427 at 46 Birchwood Road in Randolph. The lease commenced November 9, 1998 and terminated October 31,1999. The monthly rent was $819, payable on the first of each month On or about September 9,1999 the landlord offered to renew the lease for a six-month period at a monthly rent of $969. The tenant rejected the offer and continued to occupy the apartment after the expiration of the lease, paying at the rate of $819 per month. By acceptance of fifis rent without condition, the landlord and tenant implicitly entered into a tenancy at will See Benton v. Williams, 202 Mass. 189, 192 (1909). When it became apparent that the tenant was not willing to enter into a new lease at the rent sought by the landlord, a thirty-day notice to quit was served upon the tenant, G.L.C. 186, §12. When the tenantfailed to vacate, summary process was initiated.
After an evidentiary hearing, the court entered the following Finding and Order for Judgment
1. Possession of the unit is ordered to the landlord, effective 6/16/00, subject to below:
2. Damages are assessed on a per diem basis from 6/1/00 to 6/16/00 at a rate of $32.30 per day.
3. Execution for possession shall issue on or after 6/16/00.
In the event that the tenant and landlord enter into a new lease prior to 6/16/00, judgment for possession shall be deemed vacated — otherwise judgment shall enter accordingly for possession.
Any new lease shall be entered into at a rate of $969 per month or at a lower rate if the same is so published via internet or elsewhere.
Counterclaim of defendant is dismissed.
5/18/00 /S/ Robert A Cornetta, Justice
1. At the outset, it is noted that no requests for rulings were filed by the parties. Appellate review of any questions as to the sufficiency of evidence to warrant the *87 findings made by the judge are thus precluded. Ducker v. Ducker, 1997 Mass. App. Div. 147, 148; see also Oakwood Realty Trust v. O’Brien, 1997 Mass. App. Div. 196. While perhaps some indulgence may not be inappropriate in reviewing the appellate efforts of a pro se litigant, it is clear that the rules of civil and appellate procedure apply to all litigants whether represented by counsel or not. Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985).
2. Following a timely filed notice of appeal with the appropriate fee, the court conducted a hearing at which the parties were present and fixed the amount of bond at $350 as security for the prosecution of the appeal and for costs. Since the court had already made a determination of the fair value for use and occupancy, it was unnecessary to revisit that determination in the hearing to set bond. The bond requirement of G.L.c. 239, §5 includes the requirement that periodic payments be made on account of use and occupancy pending an appeal. See Kargman v. Dustin, 5 Mass. App. Ct. 101, 113 (1977). Contrary to the defendant’s assertion that the judge “stayed” the order for periodic payments for use and occupancy, the trial judge and the judges dealing with various post trial motions reasserted and reaffirmed the condition for periodic payments at $969 per month. The defendant failed to comply and continued to tender payment at the rate specified in the expired lease. The plaintiff unequivocally refused to accept amounts less than the $969 specified in the judge’s order. The plaintiff moved to dismiss the appeal because of such failure to comply. The judge dealing with the motion gave the defendant yet another opportunity to remedy the non-compliance, indicating that if he tendered the required amount on or before July 13,2000, the motion would be allowed. The date fixed in the order passed without compliance. Instead, the defendant brought a motion to “clarify” that portion of the order to the effect that any new lease shall be entered into at a rate of $969 per month, or at a lower rate if the same is so published on the internet or elsewhere. The defendant asserts that the plaintiff failed to offer him a lease at a rate he found on the internet that was lower than $969. He also filed a motion “for stay or injunction” which was denied by a judge other than the trial judge.
3. In the context of this procedural morass and prescinding from an attempt to analyze the plethora of motions and cross-motions individually, several salient facts emerge that we consider dispositive. The tenancy at will which arose by implication by acceptance of the rent tendered following the expiration of the lease was effectively terminated by the thirty-day notice to quit G.L.c. 186, §12. The tenant s status as a tenant at sufferance continued from the effective date of the notice to quit until his eviction pursuant to the execution on or about July 27, 2000. The defendant’s appeal was forfeited when he neither complied with the order for periodic payments nor sought review of the bond order or order for period payments for use and occupancy to the Appellate Division. Residence Inn by Marriott, Inc. v. Flavell, 1999 Mass. App. Div. 169, 170. Instead, the defendant chose to challenge the order by motions to dismiss the complaint for failure to comply with the court’s order and sought to “stay” or enjoin proceedings in the trial court Since the appeal had been dismissed for failure to comply with the order for periodic payments, there was nothing to prevent the issuance of execution and the proceedings thereunder resulting in the defendant being evicted. In short, the defendants fundamental assumption is flawed. He contends, in essence, that he is entitled to continue to occupy the unit and to require the landlord to enter into a lease at a rent he is unwilling to accept, and at a rate unilaterally fixed by the defendant This assumption is simply wrong.
4. The tenants contention that he was misled by confusing and ambiguous language in the order for judgment rings hollow. While it may be conceded that the order was infelidtously encumbered with language unnecessary to the judgment sought to be rendered, the order indicated with sufficient clarify an award of posses *88 sion to the plaintiff and a dismissal of the counterclaim on the merits. The order was also clear as to the amount to be paid for use and occupancy up to the date of issuance of execution. The subsequent language in the order did not detract from the meaning of the adjudication and clearly determined the amount to be paid for use and occupancy. Any doubt that may have lingered in the defendant’s mind as to how much was due for use and occupancy ought to have been dissipated by the reaffir-mance of the amount in the various post trial motions. Particularly, the order on the plaintiffs motion to dismiss made it clear that $969 per month was required. The part of the order to the effect that if the defendant found a more favorable rate on the internet or elsewhere, that amount, rather than the $949, would be the amount of rent if the parties entered into a new lease does not, in our view, impose any obligation on the part of the landlord to enter into a new lease. The parties are free to contract regarding the premises as they deem fit It is an aphorism that courts generally cannot impose a contract upon parties: The courts function generally is to construe and enforce the voluntary undertakings of the parties. 1. A. CORBIN, CONTRACTS §55 (1963 ed). The transcript shows that the court was well aware that it could not require the parties to enter into a new lease.
Finally, the order conditionally dismissing the appeal if the use and occupancy was brought current by July 13,2000 gave ample warning to the defendant that the appeal would be dismissed if he failed to comply. Further repetitive motions did not operate to “stay” the execution and proceedings thereunder.
We determine that there was no prejudicial error and order the appeal dismissed.
So ordered.