Coven, J.
John Apollos (“defendant”) secured a mortgage on his condominium located at 211 Main Street, Unit 1, Reading, MA (“the property”). The mortgagee was Mortgage Electronic Registration System as nominee for Countrywide Home Loans, Inc. (“Countrywide”). In August, 2006, the defendant defaulted on the mortgage. As a result, on June 25, 2007, Bank of New York, Trustee (“plaintiff’), in its capacity as mortgage holder, sent the defendant a notice of foreclosure. During this time, the defendant directed his correspondence to Countrywide Home Loans, which he still considered to be the mortgage lender. The defendant asserts that the plaintiff claimed to be the mortgage holder but made no reference to an assignment from Countrywide. Further, there was no assignment on record at the Middlesex County registry of deeds.
On August 13,2007, the plaintiff commenced this summary process action to recover both possession and use and occupancy “in an amount to be determined at trial.” The plaintiff also initiated a foreclosure sale, and obtained a foreclosure deed dated August 17,2007. At the summary process trial, the defendant claimed that the plaintiff lacked title because of a supposed defect in the notice of the foreclosure pursuant to G.L.C. 244, §14. On September 28,2007, the trial court entered judgment for possession in favor of the plaintiff, but did not award any money damages for use and occupancy.
On October 5, 2007, the defendant filed a notice of appeal of the trial court’s decision. The court initially set an appeal bond of $100.00, which the defendant paid. On October 17, 2007, the plaintiff moved to set the appeal bond in the amount of the rental value of the property from the foreclosure date to the date the defendant ultimately vacated the premises. The defendant responded with a motion to waive the appeal bond, and to set use and occupancy payments at $550.00 per month if the bond was not waived. The trial court never ruled on the waiver request, but after hearing the motion, gave the following order on November 23, 2007:
An appeal bond has been posted in the amount of $100. No further bond need be posted. Based upon the documents submitted by the parties, ... I *209 find that the Defendant is obligated to pay $650 per month to the Plaintiff for use and occupancy of the property on the first of each month beginning December 1,2007 and continuing while this appeal is pending. The $650 per month due for October and November is to be paid by January 15,2008.
On November 30,2007, the defendant filed a G.L.c. 239, §5 appeal of that order to this Appellate Division. We upheld the trial court’s decision regarding use and occupancy, but did not consider the $100.00 appeal bond.
The defendant did not comply with the order. Instead of paying the use and occupancy directly to the plaintiff, the defendant deposited the funds into his attorney’s IOLTA account and sent deposit slips to the plaintiff. On January 23,2008, the plaintiff moved both to dismiss the defendant’s appeal for failure to comply with the trial courf s bond order and to issue execution for possession. On February 7,2008, after hearing, the court allowed the plaintiff’s motion and issued a writ for possession of the property. The defendant filed this appeal of the court’s dismissal of his summary process appeal pursuant to G.L.c. 239, §5 and §6.
This summary process appeal is based on a mortgage foreclosure and is, thus, governed by the provisions of G.L.c. 239, §6. While §6 lists the damages that may be included in the appeal bond in mortgage foreclosure cases, the procedures, including the appeal process, set for th in G.Lc. 239, §5 are not inapplicable. See Home Sav. Bank of America v. Camillo, 45 Mass. App. Ct. 910, 911 (1998). ‘The bond requirement of G.L.c. 239, §5 includes the requirement that periodic payments be made on account of use and occupancy pending an appeal.” Equity Residential Mgt. Trust v. Calloway, 2001 Mass. App. Div. 86 (2001), citing Kargman v. Dustin, 5 Mass. App. Ct. 101, 113 (1977). See also Residence Inn by Marriott, Inc. v. Flavel, 1998 Mass. App. Div. 169.
Although G.Lc. 239, §5 allows for periodic payments for use and occupancy during the pendency of a summary process appeal, the relevant portion of §6 states:
If the action is for the possession of land after foreclosure of a mortgage thereon, the condition of the bond shall be for the entry of the action and payment to the plaintiff, if final judgment is in his favor, of all costs and of a reasonable amount as rent of the land from the day when the mortgage was foreclosed until possession of the land is obtained by the plaintiff.... Upon final judgment for the plaintiff, all money then due to him may be recovered in an action on the bond.
Id. The language of the statute mandates that, before an appeal can be initiated, the defendant must pay a bond, which includes rental payments and other damages accruing during the pendency of the appeal. Id. Construed in accordance with the plain meaning of its terms, Cohen v. Commissioner of Div. of Med. Assistance, 423 Mass. 399, 409 (1996), the statute clearly requires that all payments ordered for the plaintiffs security during the pendency of an appeal must be made in the form of a bond. No provision of the statute permits a court to order that payments be made immediately available to the opposing party during the pendency of an appeal. Moreover, §6 provides that the remedy for a successful plaintiff to receive damages is an action on the bond. If the Legislature intended that periodic payments be made *210 directly to a victorious plaintiff, there would be no need to mandate a separate action.
In support of its contrary contention, the plaintiff relies on the language of G.L.c. 239, §5(h), which requires that a summary process appeal be dismissed after a bond order review if "the defendant fails to file with the clerk of the court rendering the judgment, the amount of bond, deposit or periodic payment required by the decision of the reviewing court within 5 days from receipt of notice of the decision” (emphasis added). Id. While the procedures of §5 apply in mortgage foreclosure cases, §6 still controls the form of the payment in summary process actions following a mortgage foreclosure. The permissive language of §5, which allows for either a bond or separate periodic payments, does not alter the mandate of §6.
The plaintiff points to a line of cases[2] in which the courts ordered the defendant to make rental payments directly to the plaintiff during the pendency of an appeal. Those cases, however, involved landlord tenant relationships and court orders for the defendants to continue to pay the rent according to pre-existing rental agreements. As the Appeals Court stated in Kargman v. Dustin, “[a]n order that a tenant pay rent during the pendency of the appeal is a reasonable limitation on the right to a jury trial where the tenant remains in possession of the premises.” Id. at 110. Despite that language, the Court ordered the moneys for a contested rent increase to be paid to the trial court and only the base rent to be paid directly to plaintiff. As noted, Kargman and the cases relied on by the plaintiff were landlord-tenant cases to which only §5 applied and in which the courts were, thus, permitted to order periodic rental payments during the pendency of an appeal as a continuation of the parties’ rent or lease agreement.[3]
The policy concerns prompting courts to allow rental payments to continue during the pendency of an appeal are not applicable in a mortgage foreclosure case. The legislative intent underlying §5 is 1) to protect against frivolous appeals and 2) to provide some financial protection for landlords during the pendency of appeals. Kargman, supra at 113. Clearly, a landlord needs continuing rental payments to maintain the property while a tenant is still in possession. The responsibilities of a mortgagee are different and might be deemed less immediate than those of a landlord; and the language of §6 articulates a different legislative response to those needs. The policy concerns articulated in Kargman are largely inapplicable in mortgage foreclosure cases. Thus, §6 provides no payment option other than a bond.
Pursuant to G.L.C. 239, §6, any rental payments accruing during the pendency of an appeal must be paid on a bond to the court, and not directly to the mortgage hold *211 er. The trial court’s contrary order for monthly use and occupancy payments directly to the plaintiff was improper. In posting the appeal bond of $100.00, and in then depositing his monthly payments into an escrow account, the defendant complied with so much of the court’s G.L.c. 239, §6 order that was proper.
Accordingly, the dismissal of the defendant’s appeal is reversed. The case is returned to the trial court for the defendant’s immediate perfection of his appeal in timely compliance with the requirements of Dist./Mun. Cts. R. A. D. A., Rule 8C.
So ordered.

 In addition, the plaintiff relies on Equity Residential Mgt. Trust v. Calloway, which also involved a landlord tenant dispute solely governed by G.L.C. 239, §5.

 Plaintiff relies on this Division’s decision in Residence Inn by Marriott, Inc. v. Ravel to highlight further the applicability of the policy objectives articulated in Kargman. Again, Ravel was a landlord-tenant case wholly governed by G.L.c. 239, §5. In that case, we distinguished between a cost bond and a damages bond. The latter is any rent in arrears plus any other damages suffered by the plaintiff in consequence of the defendant’s withholding possession. Our decision in Flavel has no bearing on the G.L.c. 239, §6 requirement that all payments for rent or use and occupancy, plus other damages, be made in the form of a bond posted to the trial court.