NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-799                                          Appeals Court


DaSILVA ENTERPRISES LLC  vs.  GINA WRIGHT.


No. 22-P-799.      December 5, 2023.


Summary Process, Appeal.  Mortgage, Foreclosure.  Practice,
     Civil, Appeal, Bond, Summary process.


        The underlying case is a postforeclosure summary process
action involving property in Brockton.  The scope of the current
appeal, however, is exceedingly narrow.  At issue is the
propriety of an order issued by a single justice of this court
on May 26, 2022.  That order struck a notice of appeal with
respect to an appeal bond order that another single justice had
issued.  Discerning no error in the May 26, 2022 order, we
affirm.

        Background.  Having purchased the property at a foreclosure
sale, the plaintiff brought this summary process action in 2020
to evict the mortgagor, Gina Wright.  After trial, a Housing
Court judge ruled in the plaintiff's favor and issued a judgment
that awarded the plaintiff possession and $22,000 in damages
(calculated based on fair market rental value multiplied by the
eleven months Wright had occupied the property postforeclosure).[1]

_____

        [1] By statute,

        "[i]f the action is for possession of land after purchase,
        the condition of the bond shall be for the entry of the
        action and payment to the plaintiff, if final judgment is
        in his favor, of all costs and of a reasonable amount as
        rent of the land from the day that the purchaser obtained
        title to the premises until the delivery of possession
        thereof to him, together with all damage and loss which he
        may sustain by withholding of possession of the land or

Judgment entered on September 14, 2021.  After her motion for reconsideration proved unsuccessful, Wright filed an appeal of the judgment.

Wright simultaneously moved to waive her obligation to post an appeal bond and other costs, arguing, inter alia, that she was indigent and that her appeal raised nonfrivolous issues. See G. L. c. 239, §§ 5, 6.  She additionally sought refuge in the Indigent Court Cost Law (ICCL), G. L. c. 261, §§ 27A-27G. After hearing, the judge denied Wright's motion and issued an order dated January 3, 2022, that required her to post an appeal bond for $22,000, the amount owed under the judgment.  See G. L. c. 239, § 6.  Wright filed a motion for reconsideration in which she highlighted her arguments that she was entitled to a waiver of the appeal bond -- or, alternatively, government funding of the bond -- pursuant to the ICCL.  That motion was denied. Wright then appealed the January 3, 2022 appeal bond order to a single justice of this court (first single justice).  After holding the required hearing, the first single justice accepted Wright's claim of indigency, but ruled that she failed to raise any nonfrivolous appellate arguments.  The first single justice also rejected Wright's argument that was based on the ICCL.[2]  He therefore issued an appeal bond order dated April 12, 2022, that required Wright to post a $34,000 appeal bond (the original $22,000 plus an additional six months' "rent" at $2,000 per month), and to pay $2,000 per month going forward.

After the first single justice denied Wright's motion to reconsider his April 12, 2022 order, Wright purported to appeal that order.  By order dated May 26, 2022, a second single justice struck that notice of appeal on the ground that a direct appeal of the April 12, 2022 order setting the appeal bond did not lie.  The second single justice explained that the proper

tenement demanded, and by injury done thereto during such
withholding with all costs."

G. L. c. 239, § 6.

[2] We acknowledge that the Supreme Judicial Court has a case before it that implicates the potential application of the ICCL in the context of appeal bonds.  See Frechette v. D'Andrea, SJC-13497.  In Frechette, the posting of an appeal bond, as such, was waived pursuant to G. L. c. 239, § 5 (e), because the defendant had raised a nonfrivolous argument on appeal, but the defendant nevertheless was required to pay use and occupancy going forward.

pathway for someone in Wright's position to obtain appellate review of the appeal bond order was to take an appeal of an order dismissing the underlying appeal for failure to comply with the appeal bond order.

At the time the second single justice ruled, the Housing Court judge already had -- by order dated May 19, 2022 -- dismissed Wright's appeal of the underlying judgment based on her failure to post the mandated appeal bond.[3]  However, it was not too late for Wright to appeal that order of dismissal (in accordance with the roadmap that the second single justice had drawn).  Nevertheless, Wright did not pursue such an appeal.  Instead, she appealed the second single justice's May 26, 2022 order.[4]  This is the only matter currently before us.[5]

Discussion.  The statute that authorizes a defendant in a summary process action to appeal an appeal bond order to the single justice does not provide for an appeal of the single

---

[3] An execution also issued at the plaintiff's request, and, at oral argument, Wright reported that she no longer is residing at the premises.  In addition, the plaintiff represented that it has sold the property to a third party.  Accordingly, there is some question whether either party has any ongoing interest in the occupancy portion of the judgment.  However, the judgment also required Wright to pay the plaintiff a money judgment, so at least on the current record, the appeal is not moot.

[4] The current appeal was docketed late:  notice that the record had been assembled issued on June 2, 2022, but Wright did not docket the appeal until August 17, 2022.  A third single justice allowed the late docketing, while making it clear that the appeal was limited to the propriety of the May 26, 2022 order issued by the second single justice.

[5] Most of Wright's briefing addresses the following issues: (1) the merits of her dismissed appeal of the summary process judgment (including whether the first single justice erred in concluding that none of her appellate issues was nonfrivolous); (2) her claim that she was excused from posting an appeal bond by operation of the ICCL; and (3) her long-rejected claims that the plaintiff lacked standing.  None of these issues is properly before us in the current appeal, which challenges only the May 26, 2022 order issued by the second single justice.  For the same reasons, we need not address the issues raised by the four individuals who, pro se, have submitted amicus briefs supporting Wright's position.

justice's order.  See G. L. c. 239, § 5.  This does not mean
that a single justice's appeal bond order therefore necessarily
escapes any further appellate scrutiny, but it does constrain
the pathway through which an aggrieved party can pursue any such
review.  This court addressed the issue decades ago in Ford v.
Braman, 30 Mass. App. Ct. 968, 970 (1991).  There, we held that
"[a]ny questions concerning the propriety of the bond should be
raised, if necessary, on an appeal from a judgment dismissing
the underlying appeal."  The Supreme Judicial Court subsequently
endorsed that holding in Matter of an Appeal Bond, 428 Mass.
1013, 1013 (1998).  As the court said there, where a single
justice has issued an appeal bond order pursuant to G. L.
c. 239, § 5, "[t]he proper course for [a person aggrieved by the
bond] to have followed, if she wished further to challenge the
bond, was to refuse to pay the bond, suffer the dismissal of her
summary process appeal, and then appeal to the Appeals Court (on
the limited bond issue) from the order of dismissal."  Matter of
an Appeal Bond, supra.

Matter of an Appeal Bond, 428 Mass. at 1013, remains good
law and essentially resolves the limited issue before us.  The
only remaining argument that warrants discussion relates to
Wright's purported invocation of the ICCL.  As noted, her
argument that an appeal bond should have been waived is based in
part on her claim that she is entitled to such relief pursuant
to that statute, even if she has not raised a nonfrivolous
appellate argument that would entitle her to waiver of an appeal
bond pursuant to G. L. c. 239, § 5.  Because the ICCL sets forth
its own appellate process, see G. L. c. 261, § 27D, some
argument could be made that the rule established by Matter of an
Appeal Bond does not apply, at least with respect to the subset
of Wright's arguments that arise under the ICCL.

Notably, however, the appellate process afforded to Wright
by the ICCL is virtually identical to that afforded by G. L.
c. 239, § 5.  Under both statutory schemes, Wright's recourse
was to appeal to the single justice, and neither statute
provides for a further appeal of the single justice's decision.
Compare G. L. c. 239, § 5, with G. L. c. 261, § 27D.[6]  In fact,

_____

[6] To the extent that the appellate processes differ, the
review afforded by G. L. c. 239, § 5, provides greater
procedural protections to Wright.  The first single justice
conducted a statutorily-required hearing and de novo review of
Wright's claim for waiver.  See G. L. c. 239, § 5 (f)-(g).  In
an appeal under G. L. c. 261, § 27D, the applicant is not
entitled to a hearing before a judge in the reviewing court, and

the ICCL is explicit that the decision of the single justice is "final."[7]  G. L. c. 261, § 27D.  Thus, while -- strictly speaking -- there are separate statutory procedures for appealing decisions made pursuant to the two waiver statutes, for present purposes the processes are identical, and in any event, any issues that Wright sought to raise with respect to the ICCL are bound up in her claim that the single justice erred by failing to waive the appeal bond pursuant to G. L. c. 239, § 5.  Under these circumstances, we see no reason to deviate from the rule set forth in Matter of an Appeal Bond, 428 Mass. at 1013.  We therefore conclude that the second single justice properly ruled that Wright's recourse for bringing any challenge to the first single justice's April 12, 2022 appeal bond order was to pursue an appeal of the Housing Court's May 19, 2022 order dismissing her appeal of the underlying judgment.

The order of the single justice dated May 26, 2022, is affirmed.

<u>So ordered</u>.


Gina Wright, pro se.
John N. Cannavo for the plaintiff.
The following submitted briefs for amici curiae:
Elizabeth D'Andrea, pro se.
Sherry Stanley, pro se.
Grace C. Ross, pro se.
Dawn Thompson, pro se.

---

the review is limited to determining whether the motion judge committed an error of law or abused their discretion.  See Commonwealth v. Carr, 464 Mass. 855, 874 (2013), abrogated on other grounds by Commonwealth v. Crayton, 470 Mass. 228 (2014).

[7] We recognize that, on occasion, appellate courts have carved out exceptions to the finality rule set forth in the ICCL, thereby allowing a direct appeal of a fee decision to proceed.  See Edwards, petitioner, 464 Mass. 454, 460 (2013) (reaching question related to fee charged by expert in sexually dangerous person case).  We are unpersuaded by Wright's argument that such an exception is warranted here where there was an adequate alternative pathway for review.