21st MORTGAGE CORPORATION vs. DeMUSTCHINE, 100 Mass. App. Ct. 792

 
 21st MORTGAGE CORPORATION vs. BRUCE CLARK DeMUSTCHINE.

100 Mass. App. Ct. 792
 January 6, 2022 - March 30, 2022

Court Below: Housing Court, Northeast Division
Present: Neyman, Ditkoff, & Hand, JJ.

 

Summary Process, Appeal. Practice, Civil, Summary process, Dismissal of appeal, Bond.

Discussion of the procedure in a summary process action for the defendant to challenge the affirmance by a single justice of this court of a Housing Court judge's denial of a waiver of an appeal bond, an order to make use and occupancy payments, or both, by failing to post such a bond or make such payments, suffering the dismissal of the appeal, and then appealing from the order of dismissal [795-797], and of the de novo standard of review of the order of the single justice for an abuse of discretion [798].

In a summary process action in which, following the entry of judgment for possession in favor of the plaintiff, a single justice of this court affirmed a Housing Court judge's order to make use and occupancy payments (and waived the statutory requirement that the defendant post an appeal bond), a different Housing Court judge did not abuse his discretion in dismissing the defendant's appeal following the defendant's continued occupancy of the property and failure to make the use and occupancy payments as ordered, where, having obtained the judgment for possession as to the defendant, the plaintiff's right to possession trumped that of the defendant and entitled the plaintiff to dispossess the defendant of the property and to a bond against the defendant's appeal, and given that such a bond was waived, to use and occupancy payments pending the resolution of that appeal, in that the plaintiff's entitlement to an appeal bond or use and occupancy payments was not conditioned on the plaintiff's immediate right to exclusive possession of the property; in that the defendant was not excused from carrying his share of the cost to the plaintiff for his continued illegal possession of the property despite that there was another tenant occupying the property; and in that requiring the defendant to pay for use and occupancy avoided an absurd result under the statute that would permit the defendant (who had been adjudged to have a lesser right to possession of the property than did the record owner) to stay as a guest of another holdover tenant while neither occupant made any rent or use and occupancy payments to the record owner of the property. [798-801]

SUMMARY PROCESS. Complaint filed in the Northeast Division of the Housing Court Department on August 28, 2019.

 Page 793 

 A petition for review of a use and occupancy order was heard in the Appeals Court by Hanlon, J.

 A motion to dismiss the appeal was heard by Gustavo A. del Puerto, J.

 Lucas B. McArdle for the defendant.

 Michael R. Hagopian for the plaintiff.

 HAND, J. Using summary process in the Housing Court, the plaintiff, 21st Mortgage Corporation, obtained a judgment for possession of a residential property (property) against the property's former owner, the defendant, Bruce Clark DeMustchine. The defendant's appeal from the judgment against him was dismissed when he failed to make monthly use and occupancy payments as ordered by both a Housing Court judge and a single justice of this court after the judge waived the statutory requirement that the defendant post an appeal bond. See G. L. c. 239, § 5 (e).

 The plaintiff did not, by name, include the defendant's girlfriend, who also occupied the property, in its summary process summons and complaint, and thus did not obtain a judgment against her. [Note 1] On appeal, the defendant argues that because the plaintiff failed to obtain a judgment for possession against all occupants of the property in the underlying summary process action, it was not entitled to an order under G. L. c. 239, §§ 5 and 6, requiring him to pay amounts for use and occupancy pending the resolution of his appeal. We conclude that the defendant's obligation to post an appeal bond (or, where the bond was waived pursuant to G. L. c. 239, § 5 [e], to make use and occupancy payments) arose when judgment for possession entered against him and did not depend on the plaintiff's ability to obtain exclusive possession of the property from any other occupant. Additionally, we are not persuaded that by recasting himself as a guest of another holdover occupant, the defendant may remain in possession of the premises rent-free. Accordingly, we affirm.

 Relevant procedural history. The plaintiff became the record owner of the property in June 2019, when it acquired title under a foreclosure deed. [Note 2] The defendant did not vacate the premises after the sale. In August 2019, the plaintiff brought a summary

 Page 794 

 process action in the Housing Court against the defendant and "all other [o]ccupants" of the property; the summons and complaint, however, failed to name more specifically the other occupant of the property, the defendant's girlfriend, Valerie Jean Devine. Although the plaintiff obtained a judgment for possession of the property against the defendant, so much of the complaint as named "all other [o]ccupants" was dismissed. The judgment thus did not address the plaintiff's right to possession as to Devine, and the plaintiff was unsuccessful in moving to amend the judgment to include her. See note 1, supra.

 The defendant appealed from the judgment against him, and pursuant to G. L. c. 239, §§ 5 and 6, the plaintiff sought an order requiring the defendant to post an appeal bond. The defendant opposed the motion, moved to waive the bond based on indigency and the existence of a nonfrivolous defense, see G. L. c. 239, § 5 (e), and argued that the statute did not provide for use and occupancy payments in postforeclosure summary process appeals. [Note 3] Additionally, in that opposition the defendant raised for the first time the claim that Devine was a co-occupant of the property; he contended that as an occupant, Devine "maintain[ed] superior rights of possession to the [p]roperty [as compared to the plaintiff], which include[d] the right to allow [the defendant] to continue to occupy the same." [Note 4]

 After a hearing, the judge waived the bond requirement but ordered the defendant to make monthly use and occupancy payments of $3,000 pending the resolution of the appeal, implicitly 

 Page 795 

rejecting the defendant's argument that he was entitled to remain at the property as Devine's guest. [Note 5] The defendant petitioned for review of the use and occupancy order by a single justice of this court, pursuant to G. L. c. 239, § 5 (f), challenging both the imposition of any order for use and occupancy payments and the amount of the $3,000 monthly payments ordered by the judge. The single justice affirmed the judge's use and occupancy order but lowered the monthly payment amount to $2,500. The defendant did not make the payments for use and occupancy as ordered, and his appeal was therefore dismissed. See G. L. c. 239, § 5 (h). The defendant appeals from the order of dismissal. See Matter of an Appeal Bond (No.1), 428 Mass. 1013 (1998) (where petitioner wishes to challenge single justice's order affirming denial of waiver of appeal bond, petitioner may "refuse to pay the bond, suffer the dismissal of [the] summary process appeal, and then appeal to the Appeals Court [on the limited bond issue] from the order of dismissal").

 Discussion. 1. Relevant law. Summary process is the statutory mechanism by which a property owner may seek to recover possession from one who "holds possession without right," including where "a mortgage of land has been foreclosed by a sale under a power therein contained . . . and [an occupant] refuses to surrender possession thereof to the buyer." G. L. c. 239, § 1. A summary process judgment establishes the prevailing party's superior right to possession of the disputed property over that of the opposing party. See Bank of N.Y. v. Bailey, 460 Mass. 327, 333 (2011), quoting Wayne Inv. Corp. v. Abbott, 350 Mass. 775, 775 (1966) ("The purpose of summary process is to enable the holder of the legal title to gain possession of premises wrongfully withheld"). Cf. King v. Dickerman, 11 Gray 480, 480-481 (1858) (plaintiff in summary process action required to prove only superior right to possess premises, not superior title to property).

 Either party may appeal from the judgment, but where the plaintiff prevails, and the appealing defendant remains in possession of the property, the appeal is conditioned by statute on the defendant's posting a bond, or making periodic use and occupancy payments pending the resolution of the appeal, or both. See

 Page 796 

 G. L. c. 239, §§ 5 (c) and 6 [Note 6]; Bank of N.Y. Mellon v. King, 485 Mass. 37, 45-46 (2020) (King). The appellant is entitled to a waiver of the bond where he or she demonstrates both indigency as defined in G. L. c. 261, § 27A, and the existence of a nonfrivolous defense. See G. L. c. 239, § 5 (e) [Note 7]; King, supra at 44 ("procedures for waiving a bond, as established by [G. L. c. 239,] § 5 [e], are also applicable to postforeclosure cases governed by [G. L. c. 239,] § 6"). Where the bond is waived, the appellant is obligated to pay for use and occupancy in an amount determined by a judge. See King, supra at 51.

 Where, as here, the summary process bond order was issued by a judge of the Housing Court, the appellant may seek further review of the order by a single justice of this court. [Note 8] See G. L. c. 239, § 5 (f). The single justice considers "the findings, the amount of bond or deposit, if any, and the amount of periodic payment required, if any, as if [he or she] were initially deciding the matter." G. L. c. 239, § 5 (f). The order of the single justice is not directly [Note 9] appealable. See Perry v. U.S. Bank Trust, N.A., 484 Mass. 1054 (2020), citing Matter of an Appeal Bond (No. 1), 428 Mass. at 1013 (relief from Appeals Court single justice ruling on bond order not available under G. L. c. 211, § 3). If the appellant does not post the appeal bond or make use and occupancy payments as ordered, the appeal may be dismissed. See G. L. c. 239, § 5 (h); Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 859 (2019) (Appendix), quoting Cambridge St. Realty, LLC v. Stewart, 481 Mass. 121, 137 n.19 (2018) ("G. L. c. 239, § 5 [h], 'permits dismissal of an appeal by the trial court . . . when a tenant fails to post the initial appeals bond or use and occupancy payment'"). The appellant is then entitled to seek review of the order of dismissal from a full panel of this court. See Wallace v. PNC Bank, N.A., 478 Mass. 1020, 1021 (2018). The defendant here followed these procedures, and now seeks review of the dismissal of his appeal for failure to make use and occupancy payments as ordered and, as we explain, challenges the propriety of the order of the single justice.

 Page 798 

 2. Standard of review. Under G. L. c. 239, § 5 (f), the single justice reviews de novo requests for waiver of the appeal bond or challenges to the amount of use and occupancy ordered in a given case. Where, as here, the defendant's appeal is dismissed for failure to make the payments ordered after review under § 5 (f), the dismissal "is a ministerial consequence" of the order made by the single justice, which is "the effective final order." [Note 10] Tamber v. Desrochers, 45 Mass. App. Ct. 234, 236 (1998). Accordingly, we do not consider the order of the Housing Court judge waiving the appeal bond and assessing the use and occupancy amount. Our review of the order of the single justice is for an abuse of discretion or other error of law, although to the extent that our assessment requires statutory interpretation, our analysis is de novo. See G. L. c. 239, § 5 (f); King, 485 Mass. at 41, quoting Tirado v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 472 Mass. 333, 337 (2015) ("The interpretive question here is purely legal, and we review it de novo because [t]he duty of statutory interpretation rests ultimately with the courts").

 3. Defendant's argument. The defendant argues that the judge abused his discretion in dismissing his appeal where the dismissal was based on the defendant's failure to comply with an order for use and occupancy payments that G. L. c. 239 did not authorize the judge -- here, the single justice -- to make. The thesis of the argument is that, notwithstanding the issuance of a judgment for possession in its favor, a plaintiff in a summary process action cannot seek to recover possession of the property for the purposes of §§ 5 and 6 unless the judgment gives the plaintiff the immediate right to exclusive legal possession of the property; thus, the argument continues, a plaintiff is not entitled to the court's order for an appeal bond or use and occupancy payments without the right to such exclusive possession. [Note 11] Our reading of the statute, however, does not support the defendant's interpretation of the law.

 First, and contrary to the defendant's argument, nothing in G. L. c. 239 explicitly conditions a prevailing plaintiff's entitlement 

 Page 799 

to an appeal bond or use and occupancy payments on that plaintiff's immediate right to exclusive possession of the property. The defendant cites no precedent for this interpretation of § 5 and reads too narrowly the statutory language entitling a prevailing summary process plaintiff to seek an appeal bond where "the plaintiff continues at the time of establishment of bond to seek to recover possession [of the property.]" G. L. c. 239, § 5 (c). The critical questions under the statute are whether (1) the plaintiff has a judgment against the losing party, and (2) the losing party has retained possession of the property by failing to vacate it. See G. L. c. 239, §§ 5 (c) and 6. Here, the existence of the judgment is not in doubt, and it is equally clear that the plaintiff "continue[d] at the time of [the order for use and occupancy] to seek to recover possession," G. L. c. 239, § 5 (c), of the property from the defendant, who continued to live there. Whatever Devine's rights to continue to occupy the property, by virtue of the judgment for possession against the defendant, the plaintiff had the right to evict him. Where a harmonious reading of the provisions of §§ 5 and 6 support this interpretation of § 5 (c), we decline to read additional restrictions into the statute where the Legislature did not include them. See King, 485 Mass. at 47 (interpreting "rent" expansively under G. L. c. 239, § 5 [e], where Legislature could have limited application of section but did not do so); City Elec. Supply Co. v. Arch Ins. Co., 481 Mass. 784 (2019) ("We do not read into the statute a provision which the Legislature did not see fit to put there" [citation omitted]).

 Second, entitling a plaintiff who has obtained a judgment for possession against a defendant to security in the form of an appeal bond or ongoing payments for the defendant's use and occupancy of the property is consistent with the purposes of §§ 5 and 6 "to deter frivolous appeals and to provide compensation for plaintiffs for the loss of the property during the appeal." King, 485 Mass. at 4243. See Davis v. Comerford, 483 Mass. 164, 180 (2019), quoting Commentary to Rule 1 of the Uniform Rules of Summary Process (1980) ("The Legislature has recognized that 'time lost in regaining [real property] from a party in illegal possession can represent an irreplaceable loss to the owner'"). Nothing in the statute suggests that one in the position of the defendant here "is . . . entitled to remain on the property for nothing, even if he or she is indigent and even if he or she has a nonfrivolous defense." King, supra at 52, citing G. L. c. 239, § 5 (c). The defendant's argument that the plaintiff did not suffer a "loss of the 

 Page 800 

property" during his appeal while Devine's occupancy prevented the plaintiff from obtaining exclusive legal possession of the property is not persuasive. For as long as the defendant continued to occupy the premises illegally, he was at least an impediment, even if not the sole obstacle, to the plaintiff's ability to gain exclusive possession of the property. That there was another tenant occupying the property may go to the amount of any bond or use and occupancy order that the defendant was required to pay; it did not excuse the defendant from carrying his share of the cost to the plaintiff of his continued illegal possession of the property. [Note 12] See Davis, supra at 179 (determination of appropriate amount of use and occupancy payments to be made on "case-by-case basis," considering nonexclusive list of factors including circumstances calling for payment of less than full rental value of property [citation omitted]).

 Finally, requiring the defendant to pay for use and occupancy here avoids an absurd result under the statute -- permitting the defendant, who has been adjudged to have a lesser right to possession of the property than does the record owner, to stay as a guest of another holdover tenant while neither occupant makes any rent or use and occupancy payments to the record owner of the property. See Wallace W. v. Commonwealth, 482 Mass. 789, 793 (2019), quoting Bellalta v. Zoning Bd. of Appeals of Brookline, 481 Mass. 372, 378 (2019) (interpreting statutes, appellate courts "are careful to 'avoid any construction of statutory language which leads to an absurd result, or that otherwise would frustrate the Legislature's intent' [quotation and citation omitted]").

 The defendant cites no authority for the proposition that it was impermissible for the plaintiff to evict only one occupant at a time, and we are aware of none. [Note 13] Having obtained a judgment for possession as to the defendant, the plaintiff's right to possession trumped that of the defendant and entitled the plaintiff to dispossess the defendant of the property. That right also entitled the 

 Page 801 

plaintiff to a bond against the defendant's appeal, and where that bond was waived, to use and occupancy payments pending the resolution of that appeal. See G. L. c. 239, §§ 5 and 6; King, 485 Mass. at 46-47. Where the defendant continued to occupy the property and failed to pay the use and occupancy as ordered, the judge did not abuse his discretion in dismissing the defendant's appeal.

 Conclusion. For the reasons stated above, the order dismissing the defendant's appeal is affirmed.

So ordered.

FOOTNOTES
[Note 1] The plaintiff's summary process complaint named "Bruce Clark DeMustchine and all other [o]ccupants." As we discuss, infra, the plaintiff's postjudgment attempt to substitute a named party for the "all other [o]ccupants" placeholder was denied by the judge. 

[Note 2] The defendant has litigated issues related to the enforceability of his mortgage in Massachusetts State courts and in Federal courts for more than a decade. As the defendant acknowledges, however, the current appeal is limited to "issues related to the bond and/or use and occupancy order." Accordingly, other than noting that the judge's decision to waive the appeal bond required under G. L. c. 239, §§ 5 and 6, necessarily implied the judge's conclusion that the defendant had a nonfrivolous argument on appeal, we need not and do not address the merits of the defendant's underlying appeal. See G. L. c. 239, § 5 (e) ("The court shall waive the requirement of the bond or security if it is satisfied that the person requesting the waiver has any defense which is not frivolous and is indigent as provided in said section 27A of said chapter 261"). See also Home Sav. Bank of Am., FSB v. Camillo, 45 Mass. App. Ct. 910, 911 (1998), quoting Pires v. Commonwealth, 373 Mass. 829, 838 (1977) ("determination that a defense is frivolous requires more than the judge's conclusion that the defense is not a winner and that the party claiming it is wrong as matter of law. Frivolousness imports futility -- not a 'prayer of a chance'"). 

[Note 3] That argument was subsequently rejected by the Supreme Judicial Court in Bank of N.Y. Mellon v. King, 485 Mass. 37, 38-39, 45-50 (2020). 

[Note 4] The plaintiff subsequently brought a summary process claim against Devine. That case is ongoing. We express no opinion on the merits of that action, nor on Devine's standing to challenge the validity of the underlying foreclosure. 

[Note 5] The plaintiff did not dispute the defendant's indigency under G. L. c. 261, § 27A, for the purposes of the bond waiver, and the judge found that the defendant met the requirements for the waiver under G. L. c. 239, § 5 (e). The judge noted that "[a]t the hearing the parties agreed that $3,500.00 is a fair and reasonable amount for use and occupancy of the [property]." 

[Note 6] General Laws c. 239, § 5 (c), provides: 

"Except as provided in section 6, the defendant shall, before any appeal under this section is allowed from a judgment . . . rendered for the plaintiff for the possession of the land or tenements demanded in a case in which the plaintiff continues at the time of establishment of bond to seek to recover possession, give bond in a sum as the court orders, payable to the plaintiff, with sufficient surety or sureties approved by the court, or secured by cash or its equivalent deposited with the clerk, in a reasonable amount to be fixed by the court. . . . The bond shall also be conditioned to pay to the plaintiff, if final judgment is in plaintiff's favor, all rent accrued at the date of the bond, all intervening rent, and all damage and loss which the plaintiff may sustain by the withholding of possession of the land or tenements demanded and by any injury done thereto during the withholding, with all costs, until delivery of possession thereof to the plaintiff."

General Laws c. 239, § 6, which "provides more particular guidance for the conditions of appeal bonds in the subset of cases in § 5 that involve postforeclosure summary process actions," Bank of N.Y. Mellon v. King, 485 Mass. 37, 42 (2020), reads in relevant part:

"If the action is for the possession of land after foreclosure of a mortgage thereon, the condition of the bond shall be for the entry of the action and payment to the plaintiff, if final judgment is in his [or her] favor, of all costs and of a reasonable amount as rent of the land from the day when the mortgage was foreclosed until possession of the land is obtained by the plaintiff. If the action is for possession of land after purchase, the condition of the bond shall be for the entry of the action and payment to the plaintiff, if final judgment is in his [or her] favor, of all costs and of a reasonable amount as rent of the land from the day that the purchaser obtained title to the premises until the delivery of possession thereof to him [or her], together with all damage and loss which he [or she] may sustain by withholding of possession of the land or tenement demanded, and by any injury done thereto during such withholding with all costs. Upon final judgment for the plaintiff, all money then due to him [or her] may be recovered in an action on the bond."

[Note 7] General Laws c. 239, § 5 (e), provides, in relevant part: 

"A party may make a motion to waive the appeal bond provided for in this section if the party is indigent as provided in section 27A of chapter 261. . . . The court shall waive the requirement of the bond or security if it is satisfied that the person requesting the waiver has any defense which is not frivolous and is indigent as provided in said section 27A of said chapter 261. The court shall require any person for whom the bond or security provided for in subsection (c) has been waived to pay in installments as the same becomes due, pending appeal, all or any portion of any rent which shall become due after the date of the waiver. A court shall not require the person to make any other payments or deposits."

[Note 8] Review of summary process appeal bond orders made in the Superior Court is likewise conducted by a single justice of the Appeals Court; appeals from such orders issued by judges of the District Court or Boston Municipal Court are to the Appellate Division of the court department in which the order issued. See G. L. c. 239, § 5 (f). 

[Note 9] As we discuss infra, however, such an order is subject to review in circumstances such as these -- where a defendant fails to post the bond or make the use and occupancy payments as ordered by the single justice, the defendant's appeal is dismissed as a result of that failure, and the defendant appeals from the dismissal. 

[Note 10] Where the dismissal is in the District Court or Boston Municipal Court after review under § 5 (f) by the Appellate Division, "the effective final order" is the Appellate Division's decision. 

[Note 11] Because the defendant raised Devine's occupancy of the property as an obstacle to the plaintiff's entitlement to an appeal bond and to use and occupancy payments in his opposition to the plaintiff's motion for a bond, it was adequately preserved in the trial court. 

[Note 12] In this appeal, the defendant does not challenge the amount of the use and occupancy payments he was ordered to make, only the permissibility of such payments. 

[Note 13] Gold Star Homes, LLC v. Darbouze, 89 Mass. App. Ct. 374 (2016), is not to the contrary. See id. at 377-378 (prohibitions on claim-splitting under Mass. R. Civ. P. 12 [b] [9], as amended, 450 Mass. 1403 [2008], inapplicable where one of two occupants of foreclosed home initiated Land Court action, but "Gold Star was required to name both . . . co-occupants of the property, in the eviction proceedings"). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.