NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-355

L&S REALTY LLC

vs.

KAREN R. MERRITT & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this summary process action, defendants Karen R. Merritt and her son Charles Cronan (the defendants) appeal from a February 8, 2022 order of the Housing Court striking their notice of appeal from a judgment for possession for the plaintiff L&S Realty LLC, and dismissing their appeal from that judgment.  As of that date, the defendants' timely request for review of an appeal bond order, G. L. c. 239, § 5 (f)-(g), was pending before a single justice of the Appeals Court.  The Housing Court's dismissal of the defendants' appeal from the judgment effectively deprived them of the opportunity to exercise their statutory right to review of the appeal bond

_____

[1] Charles Cronan.  James M. Cronan, Molly R. Cronan, and Joseph Cronan are also listed as defendants on the docket of the Housing Court summary process action, but are not parties to this appeal.

order.  In those circumstances, we vacate the order of the Housing Court striking the defendants' notice of appeal from the judgment and dismissing that appeal.  In addition, we affirm two orders of the single justice.

Background.  In a foreclosure sale in 2019, the plaintiff bought the property at issue, which includes a single-family home in Rehoboth.  The plaintiff brought an action for declaratory relief to determine who was occupying the property, and then a summary process action for possession of the property against the defendants, as well as James, Molly, and Joseph Cronan.  In March 2021, the Housing Court judge ordered the defendants to pay use and occupancy in an amount originally set at $4,200 per month, later reduced retroactively to $2,500 monthly.

On September 20, 2021, summary judgment issued for the plaintiff for possession of the property.  The plaintiff moved to amend the judgment to correct an error in the calculation of the amount.  The defendants timely moved for relief from the judgment, pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), which the judge denied on November 3, 2021.  On Monday, November 15, 2021, the defendants filed a notice of appeal from the judgment.  After a hearing, the judge allowed the plaintiff's motion to correct the amount of the judgment, and an amended judgment issued November 17, 2021.

2

The defendants moved under the indigent court costs law, G. L. c. 261, §§ 27A-27G, to waive an appeal bond. The plaintiff opposed waiver of the appeal bond, moved to strike the defendants' notice of appeal from the judgment, and moved for issuance of execution. After a hearing, on December 31, 2021, the judge ordered that the defendants post an appeal bond of $12,000 and pay $2,500 monthly use and occupancy, concluding that the defendants and James, Molly, and Joseph Cronan were "not collectively indigent" and had not presented a nonfrivolous issue for appeal.[2]

On January 7, 2022, the defendants filed a timely notice of appeal from the appeal bond order in the Housing Court, and then petitioned a single justice of this court for relief from that order and for a stay of execution of the eviction. While that petition was pending, on February 8, 2022, on the plaintiff's motion, the Housing Court judge struck the defendants' notice of appeal from the judgment as untimely and dismissed that appeal on the grounds that the defendants had failed to post the appeal bond or pay use and occupancy. The defendants filed a timely notice of appeal from that order dismissing their appeal from

_____

[2] The propriety of the judge's application of a "collective indigency" standard is not before us, and so we do not reach that issue. We note that the appeal bond order contains little or no information as to the indigency of the two defendants who are parties to this appeal. See U.S. Bank Trust, N.A. v. Johnson, 96 Mass. App. Ct. 291, 298 (2019).

3

the judgment.  An execution issued, and the judge denied the defendants' motion for stay of execution.

On the defendants' petition for relief from the appeal bond order, on March 8, 2022, the single justice concluded that, by dismissing their appeal from the judgment, the Housing Court judge had deprived the defendants of the opportunity for review by the single justice of the appeal bond order.  The single justice therefore concluded that the defendants had a likelihood of success on their appeal from the dismissal of their appeal from the judgment.  The single justice stayed execution on the judgment for possession.[3]

The plaintiff moved for the single justice to reconsider her order, arguing that the Housing Court judge properly dismissed the defendants' appeal from the judgment because their notice of appeal from the judgment was not timely and they had failed to post the appeal bond or pay use and occupancy.  The single justice denied the motion to reconsider, concluding that the notice of appeal was timely and that "[u]se and occupancy payments may not be required . . . as a result of the deprivation of a statutory right to review" of the appeal bond

---

[3] The single justice noted that either party could remedy the situation by requesting that the Housing Court vacate the dismissal of the judgment, after which the defendants' petition for relief from the appeal bond order could promptly be heard by the single justice.  Neither party did so.

4

order.  The plaintiff appealed from the single justice's orders.

That appeal was consolidated with the defendants' appeal from

the order dismissing their appeal from the judgment.  We now

consider both appeals.

Discussion.  1.  The defendants' appeal.  The defendants

appeal from the February 8, 2022 order of the Housing Court

dismissing their appeal from the judgment.  They argue that the

dismissal of that appeal effectively prevented them from

exercising their statutory right to seek review from a single

justice of the Housing Court's December 31, 2021 appeal bond

order.[4]  We agree.

a.  The defendants' right to review of appeal bond order.

Under G. L. c. 239, § 5 (f), the defendants have a statutory

right to review by a single justice of this court of the Housing

Court's December 31, 2021 appeal bond order.  A single justice's

review of an appeal bond order is de novo.  See Bank of N.Y.

Mellon v. King, 485 Mass. 37, 41 (2020).  In considering an

appeal bond order, the single justice "shall review" the Housing

Court judge's findings and the amounts of both the bond and the

use and occupancy payments "as if [the single justice] were

initially deciding the matter," and the single justice may

_____

[4] As mentioned above, James, Molly, and Joseph Cronan did
not petition the single justice for review of the appeal bond
order and are not parties to this appeal.  We do not consider
any issues pertaining to them.

5

revise or rescind the amounts ordered in the appeal bond order, § 5 (f). That statute specifically provides for prompt review of an appeal bond order, requiring the single justice to conduct the review "at the next sitting," § 5 (f), and the clerk of this court to "schedule a speedy hearing" on the matter, G. L. c. 239, § 5 (g). Once the single justice has reviewed the appeal bond order, the single justice's order is "the effective final order," after which the appeal may be dismissed as a "ministerial consequence" of that order (citation omitted). 21st Mtge. Corp. v. DeMustchine, 100 Mass. App. Ct. 792, 798 (2022).

The defendants sought to exercise their G. L. c. 239, § 5 (f), rights when on January 7, 2022, they timely filed a notice of appeal from the appeal bond order, on February 3, 2022, moved to compel the Housing Court to comply with G. L. c. 239, § 5 (g), by forwarding to the single justice the papers relevant to the appeal bond order, and on February 4, 2022, petitioned the single justice for review of the appeal bond order. However, as the single justice pointed out, once the Housing Court on February 8, 2022, dismissed the defendants' appeal from the judgment, the single justice no longer had authority to review the appeal bond order. Thus the premature dismissal of the defendants' appeal from the judgment effectively prevented the defendants from exercising their

rights under § 5 (f). In those circumstances, the dismissal of the defendants' appeal from the judgment must be vacated so that they may exercise their statutory rights to review of the appeal bond order. In that review, the defendants will be required to demonstrate to the single justice both that they are indigent and that they have "any defense which is not frivolous." G. L. c. 239, § 5 (e). See Adjartey v. Central Div. of Housing Court Dep't, 481 Mass. 830, 859 (2019). We take no position on the merits of the parties' arguments on that review.

b. Timeliness of the defendants' notice of appeal from judgment. The plaintiff argues that notwithstanding the defendants' statutory rights to review of the appeal bond order, the Housing Court judge properly dismissed the defendants' appeal from the judgment on the basis that their notice of appeal was untimely. That argument is unavailing. The judgment entered on September 20, 2021. Within ten days, on September 27, 2021, the defendants moved for relief from judgment pursuant to Mass. R. Civ. P. 60 (b), which tolled the appeal period. See Mass. R. A. P. 4 (a) (2) (C), as appearing in 481 Mass. 1606 (2019). See also Youghal, LLC v. Entwistle, 484 Mass. 1019, 1020-1021 (2020); Wells Fargo Bank, N.A. v. Sutton, 103 Mass. App. Ct. 148, 154 (2023). On November 3, 2021, the judge denied the defendants' motion. On November 15, 2021, the defendants filed a notice of appeal from the judgment. Because that notice

7

of appeal was filed within the appeal period running from entry of the order on the defendants' motion, see Mass. R. A. P. 4 (a) (2) (C), it was timely.  See Youghal, LLC, supra.  And because the judge based the dismissal of the defendants' appeal from the judgment in part on a mistaken belief that their notice of appeal was not timely, the dismissal of the appeal must be vacated.  See McNeff v. Cerretani, 489 Mass. 1024, 1026 (2022) (vacating dismissal of appeal based on Housing Court judge's mistaken belief that he lacked authority to allow motion to file appeal bond late).

To the extent that the plaintiff argues that the defendants' November 15, 2021 notice of appeal was two days premature because the judge did not rule on the plaintiff's motion to amend the judgment and issue a corrected judgment until November 17, 2021, we are not persuaded.  The plaintiff's pending motion sought to correct a clerical error pursuant to Mass. R. Civ. P. 60 (a), 365 Mass. 828 (1974), and was not one of the types of motions listed in Mass. R. A. P. 4 (a) (2), as appearing in 481 Mass. 1606 (2019), that would toll the defendants' appeal period from the judgment.  See Mass. R. A. P. 4 (a) (3), as appearing in 481 Mass. 1606 (2019) ("A notice of appeal filed before the disposition of any timely motion listed in Rule 4[a][2] shall have no effect").  Cf. Youghal, LLC, 484 Mass. at 1020-1021 (tenants' notice of appeal not untimely when

filed within ten days after denial of Mass. R. Civ. P. 59 motion but before entry of judgment).  See also Wells Fargo Bank, N.A., 103 Mass. App. Ct. at 154 (even if deadline for filing of notice of appeal had been tolled by pandemic eviction moratorium, that "simply meant that a notice of appeal could be filed until [at least] the end of the tolling period; it did not mean that a notice of appeal could not be filed until after the tolling period ended").

c.  The defendants' failure to pay use and occupancy.  The plaintiff argues in the alternative that the Housing Court judge properly dismissed the appeal from the judgment because the defendants failed to pay use and occupancy as required by the prejudgment order that entered in March 2021.[5]  See Davis v. Comerford, 483 Mass. 164, 177 (2019) (Housing Court may order interim use and occupancy payments during pendency of summary process case).  Before the Housing Court judge, the plaintiff argued strenuously that the defendants timely making all use and occupancy payments was a "condition precedent" to their appeal from the judgment.[6]  The judge dismissed the appeal from the

_____

[5] In April 2021, the defendants petitioned the single justice pursuant to G. L. c. 231, § 118, for review of the amount of the use and occupancy payments, which was denied.

[6] The plaintiff acknowledged that the defendants had made some use and occupancy payments, though not on time.  The parties stipulated that as of November 2021 the defendants had paid $11,500 in use and occupancy.

9

judgment in part because the defendants had not paid use and occupancy under either the prejudgment order or the appeal bond order.

To the extent that the judge based the dismissal of the defendants' appeal from the judgment on their failure to pay interim use and occupancy under the prejudgment order, dismissal of the appeal was not an appropriate remedy. That prejudgment order warned that failure to make interim use and occupancy payments "may result in the [d]efendants['] request for a jury trial being struck." Nowhere did it state that the defendants' failure to pay interim use and occupancy could result in waiver of their right to appeal from any judgment. Cf. CMJ Mgt. Co. v. Wilkerson, 91 Mass. App. Ct. 276, 284 (2017) (striking jury demand for failure to comply with pretrial order "must be approached with caution"). Moreover, once judgment entered, the outstanding amounts the defendants owed for use and occupancy were incorporated into the final judgment and the appeal bond order. Conditioning the defendants' right to appeal from the judgment on their compliance with the prejudgment order to pay interim use and occupancy would render G. L. c. 239, § 5, a nullity. Thus the plaintiff misplaces its reliance on cases where appeals were dismissed because defendants failed to pay use and occupancy ordered in a final judgment or appeal bond order. See, e.g., McNeff, 489 Mass. at 1026; Bank of N.Y.

10

Mellon, 485 Mass. at 52-53; Cambridge St. Realty, LLC v. Stewart, 481 Mass. 121, 137 n.19 (2018).

To the extent that the judge based the dismissal of the appeal on the defendants' failure to pay use and occupancy under the appeal bond order, as discussed above, that dismissal was premature because the defendants had not yet had the opportunity to seek G. L. c. 239, § 5 (f), review of the appeal bond order.

2. The plaintiff's appeal. Because we have concluded that the defendants must be permitted to exercise their G. L. c. 239, § 5 (f), rights to petition a single justice of this court for review of the Housing Court's December 31, 2021 appeal bond order, we also conclude that the single justice properly stayed execution of the defendants' eviction and vacated the Housing Court judge's order requiring the defendants to pay use and occupancy until the defendants have had the opportunity to exercise those § 5 (f) rights.

The orders of the single justice dated March 8 and April 5, 2022, are affirmed. The order of the Housing Court dated February 8, 2022, dismissing the appeal is vacated. We remand the matter to the Housing Court for assembly of the record on the defendants' petition to the single justice from the December 31, 2021 appeal bond order in accordance with G. L. c. 239,

11

§ 5 (g), after which that petition shall be considered by a single justice of this court.[7]

So ordered.

By the Court (Rubin,
  Ditkoff & Grant, JJ.[8]),

*[signature]*

Assistant Clerk

Entered:  April 8, 2024.

---

[7] We note, as the single justice did, that although the two Housing Court matters in this case (Nos. 21H83SP00443TA and 20H83CV00167TA) were consolidated on March 23, 2021, various documents and orders that were intended to be entered on the dockets of both matters were inadvertently entered only on one of the dockets, leading to apparent confusion by the Housing Court and the parties.

[8] The panelists are listed in order of seniority.