NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-922
23-P-437

JAYNE SILVA

vs.

SHERRY STANLEY & others[1] (and a consolidated case).[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following her purchase of a foreclosed property located at 405 Granite Street in Worcester, the plaintiff, Jayne Silva, filed a summary process complaint in the Housing Court against the defendants, Sherry Stanley and adult members of Stanley's family (hereinafter the defendants or Stanley), all of whom were

---

[1] Isabella Stanley, Rosalie Stanley, Vanessa Stanley, and Joanna Stanley.  At various points throughout this litigation, Stanley's children, Isabella, Rosalie, Joanne and Vanessa, have been named as defendants.  In addition, at times, some or all of them have been included in notices of appeal.  For ease of reference, we refer to the defendants collectively, or to Stanley singularly.  We note that only Sherry Stanley has participated in this appeal.

[2] Jayne Silva vs. Sherry Stanley & others, case no. 23-P-473.

occupants of the property. Before us are two appeals arising from the summary process action. In case no. 23-P-437, Stanley appeals from an order of a single justice of this court affirming a Housing Court order made pursuant to G. L. c. 261, §§ 27A-27D. The single justice appeal concerned the denial of a waiver of interim monthly use and occupancy payments ordered by a judge of the Housing Court while awaiting trial in the summary process case. Ultimately, Silva obtained a judgment of possession from which Stanley appealed. As we discuss in more detail later, Stanley's appeal from the summary process judgment was dismissed for failure to post an appeal bond and make use and occupancy payments while her appeal was pending. In case no. 22-P-922, Stanley seeks review of the dismissal of that latter appeal as well as the order of another single justice striking her notice of appeal from the affirmance of the bond order. The cases were paired for oral argument, and we have consolidated the two appeals for the purpose of argument and decision. For the reasons that follow, we dismiss case no. 23-P-437 as moot, and we affirm the orders at issue in case no. 22-P-922.

Background.  We summarize only those facts that are relevant to our discussion of the issues raised on appeal.[3]  The property at the center of this litigation is a five-bedroom residence where Stanley has lived with her children for many years.  Silva acquired the property following foreclosure of a mortgage granted by Stanley's former husband to Wells Fargo Bank, N.A.  On March 1, 2021, Silva brought a summary process action seeking possession of the property.  While the summary process case was pending, Stanley was ordered to make monthly payments (in the amount of $1,100) to Silva for her use and occupancy of the property.  Stanley then sought a waiver of the payments, claiming, among other things, that she was indigent and that her obligation to make the payments should be waived as "extra fees and costs" under G. L. c. 261, §§ 27A-27G (the Indigent Court Costs Law or indigency statute).[4]  The Housing

_____

[3] In addition, we do not include every single justice petition, motion for reconsideration, or interim order in our summary.

[4] "Under the indigent Court Costs Law, G. L. c. 261, §§ 27A-27G, indigent parties are able to obtain waivers or reductions of various fees and costs (including, for example, filing fees, fees related to the service of process, and appeal bond costs) incurred while litigating a summary process action."  Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 840 (2019).  Recently, in Frechette v. D'Andrea, 494 Mass. 167, 169 (2024), the court ruled that use and occupancy payments required of an indigent party under G. L. c. 239, § 5 (e) may not be waived, substituted, or paid by the Commonwealth under the

3

Court judge rejected this argument and denied the motion on September 9, 2021. Stanley appealed to a single justice of this court pursuant to G. L. c. 261, § 27D. The single justice also concluded that the indigency statute offered no basis for relief and affirmed the order of the Housing Court on September 23, 2021. Stanley's appeal from the order of the single justice is the subject of case no. 23-P-437.[5]

While the appeal in case no. 23-P-437 was pending, Silva filed a motion for summary judgment in the Housing Court, which was allowed on May 9, 2022, and a judgment of summary process entered against all defendants on May 10, 2022. Stanley filed a notice of appeal from the summary process judgment on May 20, 2022. Shortly thereafter, on May 24, 2022, Silva filed a motion to set an appeal bond pursuant to G. L. c. 239, § 5.[6] Following a hearing held on June 2, 2022, a different judge from the

---

indigency statute because such payments do not constitute an "extra fee or cost" as defined by the statute.

[5] We note that ordinarily such appeals are not permitted and, in fact, Stanley's notice of appeal from the single justice's order was originally struck. However, on Stanley's appeal from the order striking her notice of appeal, a different panel of this court reinstated the appeal in an unpublished memorandum and order. Jayne Silva v. Sherry Stanley, 102 Mass. App. Ct. 1106 (2023).

[6] G. L. c. 239, § 5 (c) requires a defendant who has lost a summary process case to post bond (an appeal bond) as a condition of prosecuting an appeal.

Housing Court determined that Stanley was indigent but had not identified a nonfrivolous issue to raise on appeal and therefore was not entitled to a waiver of the obligation to post a bond. See G. L. c. 239, §§ 5 & 6. The judge set the bond at $26,400. The judge further ordered that Stanley pay Silva $1,100 per month for use and occupancy of the premises (collectively "the bond order"). Stanley appealed the bond order to a single justice of this court pursuant to G. L. c. 239, § 5 (f). The single justice conducted a hearing on June 21, 2022, and subsequently affirmed the bond order. Stanley filed a motion for reconsideration, which was denied on July 1, 2022. She then filed an appeal from the order of the single justice affirming the bond orders on September 8, 2022. The notice of appeal was subsequently struck by a different single justice, and Stanley appealed from that order. That order was the original subject of case no. 22-P-922.

When Stanley did not comply with the bond order described above, Silva filed a motion in the Housing Court to dismiss Stanley's appeal from the summary process judgment. Following a hearing on the motion, a judge of the Housing Court concluded that there was a material violation of the bond order and,

5

ultimately, dismissed Stanley's appeal.[7]  Stanley's appeal from

the order dismissing her appeal from the summary process

judgment is also the subject of case no. 22-P-922.[8]

Discussion.  1.  Case no. 23-P-437.  As we have discussed,

this appeal arises from an order requiring Stanley to make use

and occupancy payments pending trial in the summary process

action.  Once Silva's motion for summary judgment was allowed

and a judgment of possession was entered, all remaining issues

raised by the defendants, including claims of equal protection,

due process, and application of the indigency statute as

articulated in Stanley's brief, were rendered moot because the

defendants are no longer aggrieved by the order at issue.  Put

another way, the defendants no longer have a personal stake in

the outcome of this appeal.  See Maroney v. Planning Bd. of

---

[7] Though not relevant to our analysis, we note that the order of dismissal was stayed for a period of time and any issue regarding the timeliness of Stanley's notice of appeal was resolved in her favor.

[8] Although it does not appear that a separate assembly was prepared by the Housing Court for the appeal from the dismissal of the defendant's appeal, the parties and the court have treated the appeal in case no. 22-P-922 as encompassing that order.  Given the confusion caused by the multiple appeals, both plenary and to the single justice, and in the interest of judicial economy, we treat the appeal from the Housing Court order dismissing the defendant's appeal for failure to comply with the bond order as properly before us.

Haverhill, 97 Mass. App. Ct. 678, 683-684 (2020).  Accordingly, the appeal in case no. 23-P-437 is dismissed as moot.

2.  Case no. 22-P-922.  a.  Single justice order.  Passing the question of the timeliness of the notice of appeal from the single justice's order, it is well-settled that there is no right to review of a single justice order affirming a bond order.  See Matter of an Appeal Bond (No. 1), 428 Mass. 1013, 1013 (1998), setting forth the appropriate avenue of review.  See also 21st Mtge. Corp. v. DeMustchine, 100 Mass. App. Ct. 792, 797 (2022).  Accordingly, the single justice neither abused his discretion nor committed an error of law in striking the defendant's notice of appeal from the single justice order affirming the bond order.

b.  Dismissal of appeal from the summary process judgment.  As an initial matter, we note that this appeal is limited to review of the appellate bond order.  See Perry v. U.S. Bank Trust, N.A., 484 Mass. 1054, 1054 (2020).  By not complying with the terms of the bond order, Stanley lost her right to full appellate review of the underlying judgment by a panel of this court and is entitled only to appellate review of the bond order to determine whether her appeal was properly dismissed.  Matter of An Appeal Bond (No.1), 428 Mass. at 1013.  Furthermore, "[w]here, as here, the defendant's appeal [from the summary

process judgment] is dismissed for failure to [post the appeal bond or] make [use and occupancy] payments ordered after review under [G. L. c. 239,] § 5 (f) [by a single justice], the dismissal is a ministerial consequence of the order made by the single justice, which is the effective final order" (quotation omitted).  21st Mtge. Corp. v. DeMustchine, 100 Mass. App. Ct. at 798.  Accordingly, we do not consider the validity of the initial order entered in the Housing Court setting the bond and assessing the use and occupancy amount.  Instead, we review the order of the single justice for an abuse of discretion or other error of law.  Id.

We discern no abuse of discretion.  Under G. L. c. 239, § 5 (f), the single justice reviews de novo requests for waiver of the appeal bond or challenges to the amount of use and occupancy ordered in a given case.  Here, the single justice conducted a hearing, at which all parties were present, and reviewed all relevant submissions.  Although her review is de novo, it is apparent that the single justice was persuaded by the reasoning of the Housing Court judge who concluded that Stanley had failed to demonstrate that she had nonfrivolous defenses.  "Defenses are frivolous if there is no reasonable expectation of proving the defenses alleged."  Tamber v. Desrochers, 45 Mass. App. Ct. 234, 237 (1998).  In this case,

although our review is for abuse of discretion, we have carefully reviewed all the claims raised by Stanley in her appellate brief and conclude that she failed to meet her burden of specifying a nonfrivolous defense. We further note that to the extent Stanley advanced claims under the indigency statute, those arguments have been foreclosed by the court's decision in Frechette v. D'Andrea, 494 Mass. 167, 169 (2024). (See note 4, supra.)

Accordingly, we affirm the order dismissing Stanley's appeal. In doing so, we note that while the outcome appears harsh, Stanley was notified on numerous occasions that she was risking the dismissal of her appeal by not complying with the bond order. Thus, in the circumstances presented, despite the defendant's pro se status, we have no doubt that Stanley was well-informed of the consequences of her decisions.

Conclusion. For the reasons stated above, the defendant's appeal in case no. 23-P-437 is dismissed as moot, and the Housing Court's order of dismissal as well as the single justice

order striking the defendant's notice of appeal, at issue in case no. 22-P-922, are affirmed.

So ordered.

By the Court (Vuono, Shin & Toone, JJ.[9]),

*Paul Little*

Clerk

Entered:  September 20, 2024.

---

[9] The panelists are listed in order of seniority.