NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-457

CHATHAM LODGING[1]

vs.

EVELYN EDUARDO & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants, tenants Evelyn Eduardo and Ronald Dillard, appeal from an order of a judge of the Housing Court dismissing their appeal from a judgment of possession and an order denying their motion for reconsideration.[3] The tenants claim that the judge committed error in determining that they failed to timely make use and occupancy payments to the landlord and that the judge did not fairly and impartially conduct himself at the

---

[1] The complaint also named Joellen Kurtz, as general manager, but Kurtz has not participated individually in the proceedings.

[2] Ronald Dillard.

[3] Chatham Lodging, the plaintiff landlord, did not file a brief or otherwise participate in this appeal.

hearing. Although we agree with the tenants that, especially when in the past the landlord had accepted payment by a third-party using a credit card, the judge erred in concluding that the tenants' attempt to make their required payments by credit card was in violation of the use and occupancy order, we find this error to be nonprejudicial. Accordingly, we affirm.

Background. Since 2022, the landlord has attempted to evict the tenants, who were residing in a room at the Homewood Suites in Billerica, for failure to pay rent. In March 2023, a judge of the Housing Court conducted a summary process trial and entered judgment for the landlord for possession and ordered that the tenants pay over $30,000 in unpaid rent. The tenants appealed from the judgment and, pursuant to G. L. c. 239, §§ 5 and 6, the landlord sought an order requiring the tenants to post an appeal bond and make use and occupancy payments. An appeal bond and use and occupancy payments were set by the judge in the Housing Court. The tenants petitioned for review to the single justice pursuant to G. L. c. 239, § 5 (f), challenging the appeal bond and use and occupancy payments.

In an order dated June 8, 2023, a single justice of this court waived the posting of the appeal bond and set use and occupancy at $121 per day during the pendency of the appeal. The order specifically required the tenants to pay the amount of

2

$3,630 on or before June 15, 2023, and pay the amount of $3,751 for the month of July by July 1, 2023.[4]  The order did not specify the method of payment that the tenants were required to use when paying the use and occupancy, nor did it specify a cutoff time after which payments could be rejected.[5]

On July 4, 2023, the landlord returned to the Housing Court, contending that the tenants had failed to pay the use and occupancy fees and filed motions for entry of execution and to dismiss the appeal.  The tenants opposed this motion, and at a hearing on July 26, 2023, explained that the landlord had accepted credit card payments in the past and that the landlord had also accepted payment from a third party using a credit card to pay down their bill.  The tenants told the judge that a third party offered to pay the use and occupancy fees with a credit card, and that on July 3, 2023, the tenants attempted to make payment at the front desk, but that the landlord refused to provide them with the necessary link so that the payment could be processed.  In support of their position that they made a

_____

[4] The single justice, citing G. L. c. 239, § 5 (h), also warned the tenants that "failure to make use and occupancy payments monthly as ordered will likely result in the dismissal of the defendants' appeal from the judgment."

[5] On June 16, 2023, the single justice allowed the tenants to pay the June and July use and occupancy fees on July 3, 2023.

good faith effort to pay the use and occupancy fees, the tenants presented the judge with a form bearing the name of Homewood Suites entitled, "Authorization for Third Party Billing," showing that the landlord had accepted payment from a third-party credit card holder in the past to pay a portion of the tenants' charges. The tenants also provided the judge with an email from the front desk employee to the manager reporting that the "[g]uest came to the desk at 9:30 P.M. to have you send a link to his brother . . . to a make payment for 7381.00," and asking the manager to send a link for credit card authorization. The landlord did not send the link to the tenants' brother, and no other payment was received.

The judge allowed the landlord's motion to dismiss the appeal and issue execution, reasoning that the late offer of a credit card payment was not a payment made in "good funds, by money order or by bank check." "A payment made in any other means, except cash, would require clearance time to verify its validity and coverage of the relevant funds." The judge also noted that as of July 26, 2023, the tenants had not proffered any payments of "good funds" for the use and occupancy fees. The tenants now appeal from this July 26, 2023, order of the Housing Court judge dismissing their appeal.

4

Discussion.  When a tenant appeals a summary process judgment and remains in possession of the premises, the tenant is statutorily required to post a bond or pay use and occupancy payments pending the resolution of the appeal, or both.  G. L. c. 239, § 5 (c).  "If the appellant does not post the appeal bond or make use and occupancy payments as ordered, the appeal may be dismissed."  21st Mtge. Corp. v. DeMustchine, 100 Mass. App. Ct. 792, 797 (2022), citing G. L. c. 239, § 5 (h), and Adjartey v. Central Div. of the Hous. Court Dep't., 481 Mass. 830, 859 (2019).  Here, the tenants argue that the judge erred in dismissing their appeal because they attempted to make the use and occupancy payments but were thwarted by the landlord. We agree with the tenants that, because the June single justice order did not specify the acceptable method of payment of the use and occupancy fees, and the landlord had accepted this payment method in the past, it was error for the judge to conclude that the tenants had failed to comply with the use and occupancy order simply because they attempted to pay by credit card.

Having determined the judge erred, the next step in our analysis is to determine whether the tenants have "made a plausible showing that the trier of fact might have reached a different result."  DeJesus v. Yogel, 404 Mass. 44, 48-49

5

(1989).  After reviewing the record in this case, we conclude that the error was not prejudicial because, on August 11, 2023, a single justice of this court allowed the tenants yet another opportunity to make the required use and occupancy payments for June, July, and August 2023.  The total amount owed by the tenants at that time amounted to $11,132.  The single justice specifically ordered:

> "The payments are to be made in the form of a cashier's check, money order or credit card payment.  If payment is to be made by a third party using a credit card, the payment shall be made through Sertifi.[6]  The payments are to be made during the hours of 9:00 A.M. and 5:00 P.M.  If the payments are not made on or before 5:01 P.M. on or before 8/16/23, the defendants['] [tenants] Rule 6(a) for a stay pending appeal will be denied.  The plaintiff [landlord] is to file a status report on or before 4:00 P.M. on 8/17/23, regarding whether the payments have been made."

No payments were made by the tenants by the deadline and ultimately the tenants were evicted.  The tenants, having been given another opportunity to tender use and occupancy payments in a variety of different ways, including third-party payments using a credit card, failed to do so.  Any error, therefore, was not prejudicial.  Even had the Housing Court judge found that the tenants made a good faith attempt to pay the use and occupancy and permitted them to pay by credit card, the outcome

_____

[6] "Sertifi" is a global payments platform that caters to the travel and hospitality industry.

6

would have been the same, as the tenants would not have paid and the appeal would have been dismissed.  The error, therefore, did not affect the substantial rights of the tenants.[7]

Order issuing execution and
    dismissing appeal, dated
    July 26, 2023, affirmed.

By the Court (Ditkoff, Hand &
    Walsh, JJ.[8]),

Clerk

Entered:  April 29, 2025.

---

[7] The tenants also claim that the judge was not impartial, continuously interrupted them, and impeded their oral argument. We have reviewed the transcript of the hearing and disagree. The trial judge is responsible for controlling the hearing and maintaining order in the courtroom.  See Commonwealth v. Deconinck, 480 Mass. 254, 270 (2018).  We have carefully reviewed the hearing transcript and discern no evidence of any favoritism or antagonism by the judge to either side.  It was appropriate for the judge to redirect the tenants, who were self-represented, and he did so in a respectful and professional manner.

[8] The panelists are listed in order of seniority.