NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1499

RAYMOND F. LABONTE, JR.

vs.

ANN M. BECKER & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal involves a postforeclosure eviction. The plaintiff, Raymond Labonte, Jr., brought a successful summary process action following his purchase of a residential property from the Bank of New York Mellon (bank) in 2019 that the defendants occupied. The defendants seek (1) reversal of the judge's order granting partial summary judgment in favor of Labonte, (2) reversal of the judgment of possession against all defendants, and (3) return of use and occupancy payments in excess of the actual costs for maintaining the property. Finding no error, we affirm.

---

[1] John C. Becker, Fourth and Joseph Wilson.

Background.  On November 16, 2005, Ann Becker[2] granted a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) for $268,000.  In 2015, MERS assigned the mortgage to the bank as trustee.  On October 1, 2016, Ann defaulted on the mortgage loan.  Meanwhile, the defendants assert that Joseph Wilson moved onto the property in 2017 as a tenant, occupying a single room pursuant to a verbal agreement with the Beckers that he would help maintain the property in lieu of rent.

On December 19, 2017, the bank sent Ann a notice by first class mail, pursuant to G. L. c. 244, § 35A, and paragraph 22 of the mortgage, informing her that she was in default and had a right to cure the default within ninety days to avoid acceleration of the loan.  Ann did not cure the default and at a foreclosure auction on July 12, 2018, the bank purchased the property from itself and later recorded the deed.  On May 28, 2019, Labonte purchased the property from the bank via quitclaim deed and on July 31, 2019, provided the defendants with a notice to quit, informing them that he had acquired the property and needed to prepare it for sale.  Labonte commenced this summary process action in September 2019 to recover possession and unpaid use and occupancy dating back to the date of the bank's sale of the property to him.

---

[2] As the Beckers share a surname, we use their first names to avoid confusion.

The Housing Court judge granted Labonte's motion for summary judgment as to his claim against the Beckers, but denied the motion as to his claim against Wilson because genuine disputes of fact existed with respect to Wilson's tenancy status.  On March 10, 2022, following a bench trial, the judge issued a final judgment for possession in favor of Labonte as against all three defendants.  The judge found that Wilson was a licensee and did not require a ninety-day termination notice.  Accordingly, the judge found that the termination notice Labonte used "was sufficient to terminate Wilson's occupancy rights -- to the extent that he had any."  This appeal followed, and on April 6, 2022, the judge ordered the Beckers to make monthly use and occupancy payments pending appeal and for Wilson to make similar and separate payments.

Discussion.  1.  Standard of review.  As to the Beckers, we review a decision to grant summary judgment de novo.  Ritter v. Massachusetts Cas. Ins. Co., 439 Mass. 214, 215 (2003).  Summary judgment is to be granted when the moving party demonstrates the absence of a triable issue and that they are entitled to judgment as a matter of law.  Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).  As to the question of Wilson's status, "[w]hen reviewing the decision of a trial judge in a summary process action, 'we accept [the judge's] findings of fact as true unless they are clearly erroneous,' but 'we scrutinize without

deference the legal standard which the judge applied to the facts'" (citations omitted).  Wells Fargo Bank, N.A. v. Sutton, 103 Mass. App. Ct. 148, 154-155 (2023).

2.  Right to cure letter.  The defendants claim that the bank's foreclosure sale in 2018 was invalid because they did not receive the right to cure letter and the bank did not produce any material proof to show that the notice had been mailed.  We disagree.

The defendants argue that the bank could have provided a copy of a postmarked form.  While that is true, it is not dispositive.  Faced with a mortgagee's affidavit attesting to the mailing of a right to cure letter, a mortgagor's professed lack of recollection is insufficient to create a genuine issue of material fact as to the mailing.  See Brandt v. Davis, 98 Mass. App. Ct. 734, 739 (2020).  Here, the affidavit of a litigation manager (manager) at Bayview Loan Servicing, LLC (Bayview), the bank's loan servicer, supported the bank's claims that it had mailed the letter following the manager's review of Bayview's business records and that the default notice had been mailed with adequate postage.  The defendants allege that the affidavit presents conclusions derived from an inadmissible review of business records rather than specific facts as required under Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974).  However, when read in its entirety, the affidavit establishes

4

that the manager had personal knowledge of its contents given his familiarity with the documents attached to the affidavit and review of Bayview's business records. See First Nat'l Bank of Cape Cod v. North Adams Hoosac Sav. Bank, 7 Mass. App. Ct. 790, 793-795 (1979) (affidavits made from personal knowledge and review of business records are sufficient to shift burden of "setting forth specific facts showing that there was a genuine issue" to defendant). Therefore, the bank here satisfied the requirements of both G. L. c. 244, § 35A, and paragraph 22 of the mortgage. See Thompson v. JPMorgan Chase Bank, N.A., 486 Mass. 286, 292 (2020).

3. Deposit at foreclosure auction. The defendants allege that the bank did not qualify as a bidder at the foreclosure auction because the bank did not make a $10,000 deposit as listed within the terms of sale, making any subsequent conveyance of the property invalid.

However, the alleged failure to give a deposit to the auctioneer does not void the sale. See De Freitas v. Cote, 342 Mass. 474, 477 (1961) (condition inserted in contract "for the benefit of the buyer" may be waived by buyer). As the mortgagee and seller of the property, the bank inserted the deposit provision for its own benefit -- the $10,000 would have been held by the bank until the purchaser paid the balance of the purchase price. As the highest bidder at auction, the bank was

5

entitled to waive the deposit term that it had inserted.  See

Bossi v. Whalen, 19 Mass. App. Ct. 966, 967 (1985) (mortgage

contingency clause conditioning sale to buyers obtaining a

$115,000 mortgage at "current rates and terms" could be waived

by them).[3]

4.  Wilson's status.[4]  Wilson argues that the defendants'

intent when he moved onto the property in 2017 was not to create

a license, but rather a tenancy through an oral lease whereby

Wilson would provide manual labor in lieu of rent.  He argues

that the uncontroverted testimony established his tenancy.

Wilson and the Beckers never entered into a written lease at the

outset of his stay.  The trial judge was not bound to accept

their say so.  The trial judge made a credibility determination

that Wilson was a licensee of the Beckers, which we accept

unless clearly erroneous.  Mass. R. Civ. P. 52 (a), as amended,

423 Mass. 1402 (1996).  Here, because the trial judge had the

opportunity to weigh the defendants' credibility as to the

nature of their relationship since 2017, due regard shall be

---

[3] Accordingly, we reject the defendants' argument that Labonte's notices to quit were invalid because the foreclosure was invalid.  Similarly, the defendants' argument that it would be inequitable to evict them on the basis of an invalid foreclosure fails.

[4] Although all of the defendants make this argument, the argument is Wilson's alone.  The Beckers could not recast themselves as Wilson's guest.  21st Mortgage Corp. v. DeMustchine, 100 Mass. App. Ct. 792, 793 (2022).

given to the determination.  See <u>Demoulas</u> v. <u>Demoulas Super</u>

<u>Mkts., Inc.</u>, 424 Mass. 501, 509 (1997).

Wilson more resembled a lodger who "by agreement with the

owner of housing accommodations acquires no property, interest,

or possession therein but only the right . . . to live in and

occupy a room or other designated portion therein that still

remains in the owner's legal possession."  <u>Boston Redev. Auth</u>.

v. <u>Pham</u>, 88 Mass. App. Ct. 713, 720 n.11 (2015).  Therefore,

Labonte was free to evict Wilson, a licensee, from the property

without a ninety-day notice.

5.  <u>Use and occupancy payments</u>.[5]  On the basis of unjust

enrichment, the defendants request the return of use and

occupancy payments in excess of actual costs paid exclusively

for carrying the property since the April 6, 2022 order.[6]  This

argument is without merit as the correct measure for a use and

occupancy charge is the "fair rental value of the premises"

(citation omitted).  <u>Davis</u> v. <u>Comerford</u>, 483 Mass. 164, 169-170

(2019).  See <u>Frechette</u> v. <u>D'Andrea</u>, 494 Mass. 167, 182-183

---

[5] The order dated April 6, 2022, granting use and occupancy payments, was entered after the judgment for possession and after the defendants' notice of appeal and addendum. Nonetheless, we address the defendants' arguments.

[6] The defendants do not challenge whether the use and occupancy payments set for the Beckers or for Wilson represented the fair market value of the property and even redact those amounts from the record.

(2024) (judge properly considered uncontroverted evidence of fair rental value of property in setting use and occupancy payments).[7]

Judgment affirmed.

Order dated April 6, 2022, granting use and occupancy payments affirmed.

By the Court (Henry, Smyth & Toone, JJ.[8]),

*Paul Little*

Clerk

Entered:  May 30, 2025.

---

[7] Labonte's request for attorney's fees is denied.

[8] The panelists are listed in order of seniority.